DISCIPLINARY PROCEEDINGS
liPER CURIAM.[1]
Respondent, David M. Vaughn, pleaded guilty to three counts of mail fraud. While President of Anglo American Insurance Company, Vaughn directed his secretary to sign his name to inaccurate financial statements Vaughn knew misrepresented the amount of the insurer’s surplus. The three counts of mail fraud consist of three different dates on which premium checks were mailed by an insured after the inaccurate financial statement was filed with the Commissioner of Insurance. The insurance company was liquidated and eventually failed, causing a substantial loss to its claimants and the people of Louisiana. A federal court sentenced Vaughn to 18 months imprisonment, a fine of $6000, restitution of $2000, |2three years supervised probation, and a special assessment of $150. This Court ordered an interim suspension on June 24, 1993.
*1203 After a formal hearing, the hearing committee found that Vaughn’s conviction for mail fraud constituted a violation of Rules 8.4(b) (commission of a criminal act) and 8.4(e) (engaging in conduct involving dishonesty, fraud, deceit or misrepresentation) of the Rules of Professional Conduct. Although the baseline discipline for this type of offense is disbarment, the committee found Vaughn’s substantial mitigating evidence warranted a 24 month suspension from the practice of law, retroactive to the date of interim suspension. The disciplinary board disagreed, recommending disbarment.
Upon review of the hearing committee and disciplinary board findings and recommendations, and considering the transcript, record, briefs, and oral argument, it is the decision of this Court that respondent be suspended from the practice of law for 36 months, retroactive to the date of interim suspension.
The record supports a finding of substantial mitigating factors which warrant a deviation from the baseline sanction of disbarment. Prior to this single act of misconduct, Vaughn had worked for several years as an attorney with no instances of disciplinary wrongdoing. After his departure from the insurance company and prior to indictment, Vaughn again worked for four and |3a half years as an attorney with no incidences of wrongdoing. During the period when the misconduct occurred, Vaughn was experiencing the emotional turmoil of divorce.
The record supports a timely good faith effort on Vaughn’s part to rectify the consequences of misconduct, including considerable cooperation with federal criminal and state insurance authorities to both prosecute others involved in the insurance company’s misdeeds and to recoup the insurance company’s losses. While Vaughn’s cooperation with the criminal authorities arguably was self-serving, the attorney for the Commissioner of Insurance testified that Vaughn’s assistance with the civil authorities was crucial in recovering $2,300,000 from the principal perpetrator’s errors and omissions insurer and $750,000 from foreclosure on the principal perpetrator’s real estate. Moreover, most of the illegal activity which caused Anglo American’s downfall had already been done when Vaughn signed the false statement so that the result of his illegal activity was more potential injury than traceable actual injury.
Vaughn has cooperated fully with the disciplinary process. In addition to disciplinary charges, Vaughn has been incarcerated and fined. The record supports Vaughn’s remorse for his actions.
Accordingly, it is ordered that respondent be suspended from the practice of law for a period of 36 months from the date of his interim suspension. All costs of these proceedings are assessed against respondent.
SUSPENSION ORDERED.
VICTORY, J., dissents and assigns reasons.

. Judge Ned Doucet, Jr., Court of Appeal, Third Circuit, participating as Associate Justice Pro Tempore, in place of Associate Justice James L. Dennis.
Calogero, C.J., not on panel. Rule IV, Part 2 § 3.