DISCIPLINARY PROCEEDINGS
JiPER CURIAM. *
This matter arises from a petition for consent discipline filed by petitioner, John Bennett Kiefer, an attorney licensed to practice law in the State of Louisiana.
A review of the underlying facts indicates that on September 26, 1996, petitioner was charged in the United States District Court for the Eastern District of Louisiana with one count of mail fraud, conspiracy to commit mail fraud, intentionally submitting material false statements to a federally insured banking institution, and submitting or causing to be submitted financial statements to banking institutions which were materially false, and one count of willfully making and subscribing an Internal Revenue Service Form 1040 under penalty of perjury which materially understated his income.
These federal charges arose from petitioner’s activities as a shareholder and officer of Charter Title Co. (“Charter”), a company involved in commercial and residential real estate transactions. According to the bill of information, Charter would transfer its clients’ money from an escrow account to an operating account and use the money to pay Charter’s corporate bills, payroll, and loans to Charter shareholders, including petitioner. Charter would then solicit new customers to cover the real estate obligations of its previous customers. Charter’s expenses were always greater than its income, but the funds misappropriated from the escrow accounts were used to keep the company operating. Although it is unclear exactly how much *1263 money petitioner himself converted, the record indicates that by 1991, the losses of Charter exceeded $200,000, and at the time Charter filed for bankruptcy in 1995, the creditor’s claims totaled in excess of three million dollars.
|2In addition to- commingling of funds, petitioner, through Charter, submitted false financial statements to various federally insured banks in order to secure lines of credit issued by those banks. Finally, petitioner filed tax returns which understated his income from 1990 to 1993 and in all, he failed to report over $350,000 in income.
On October 16, 1996, petitioner pleaded guilty in federal court to both counts. Subsequently, he was sentenced to concurrent thirty-six month prison terms on both counts, and ordered to pay restitution in the amount of $500,000 to the U.S. Bankruptcy Trustee assigned to dispose of Charter’s assets. He was also placed on three years’ supervised probation as to the first count and one year supervised probation as to the second count, also to run concurrently.
After petitioner pleaded guilty, the Office of Disciplinary Counsel (“ODC”) filed a motion in this court for interim suspension, which this court granted. In re Kiefer, 96-2710 (La. 1/31/97), 686 So.2d 850. On March 1, 1997, petitioner was also suspended from practicing before the U.S. District Court, Eastern District of Louisiana.
On March 21, 1997, petitioner filed a petition for consent discipline. In his petition, he admitted his conviction in federal court. He also acknowledged that a complaint had been filed against him in 1995 by Wayne M. LeBlanc, who had hired Charter to represent him at the closing on the sale of his home. Mr. LeBlanc alleged that he had placed the sum of $50,000 in Charter’s escrow account. Since the money in all Charter bank accounts, both operating and escrow, was seized by the banks to off-set loans which had been made to Charter, Mr. LeBlanc never recovered his funds. Petitioner státed that in an effort to resolve this complaint and the others arising from his conviction, he petitioned for consent discipline in the form of disbarment. The ODC concurred in the consent discipline.
After a hearing before a panel of the disei-plinary board, the full disciplinary board recommended that this court accept the ^consent discipline.
Upon review of the petition for consent discipline, the recommendation of the disciplinary board, and the record filed herein, it is the decision of this court that the petition for consent discipline be accepted. Accordingly, it is ordered that the name of John Bennett Kiefer be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked, retroactive to the date of his interim suspension from the practice of law. All costs of these proceedings are assessed against petitioner.

 Marcus, J., not on panel. Rule IV, Part 2, § 3.