DISCIPLINARY PROCEEDINGS
JiPER CURIAM.*
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, J. Bruce Naccari, an attorney licensed to practice law in the State of Louisiana and a former judge of the First Parish Court for the Parish of Jefferson. The formal charges alleged that respondent violated Rule 8.4(b) of the Rules of Professional Conduct in that he was convicted of wire fraud in violation of 18 U.S.C. § 1343, a felony offense.
The underlying facts are set out in the hearing committee’s findings and recommendation:
Respondent pleaded guilty to one count of a bill of information charging him and others with two counts of [wire] fraud based on a scheme to misrepresent and defraud state insurance regulators as to the solvency of an insurance company [Colonial Lloyds] owned and operated by respondent and members of his family.
******
In essence, [the scheme] involved the issuing of worthless cheeks drawn on the accounts of the Naccari family members to a *735 family controlled insurance company. The scheme was designed to misrepresent to State insurance regulators the solvency of the company. ■ Respondent was not the master mind of the scheme and in fact his participation was not central to the scheme. However, he did make and sign affidavits that were integral to the fraudulent artifice and understood the import of what he was doing. Respondent admitted to this when he signed the Factual Basis in open court on November 18,1994.
Respondent subsequently received a five-year probated sentence and was ^ordered to make restitution in the amount of $100,000 to the Louisiana Insurance Guaranty Association.
After respondent pleaded guilty to the federal charges, the Judiciary Commission filed charges against him in his capacity as judge. On June 22, 1995, while the matter was pending in this court, respondent voluntarily resigned his judgeship. . As a result, the proceedings arising from the Judiciary Commission charges were dismissed as moot, but the right of the disciplinary board to bring lawyer discipline proceedings against respondent was expressly reserved. In re Naccari, 95-0227 (La.6/30/95), 657 So.2d 91.
Thereafter, the ODC filed a motion to place respondent on interim suspension pursuant to Supreme Court Rule XIX, § 19. This court granted the motion on January 5, 1996 and ordered further disciplinary proceedings to be instituted in accordance with Rule XIX, § 11 and § 19. In re Naccari, 95-2786 (La.1/4/96), 665 So.2d 1164.
Formal charges were filed on January 23, 1996. Respondent, through counsel, submitted a letter in which he admitted the allegations of the charges, but requested a hearing as to factors mitigating the severity of the penalty for the admitted crime. The hearing before the hearing committee set for June 11, 1996 was cancelled at respondent’s request, subject to the submission of affidavits and written argument on mitigating factors and to receipt of-the pre-sentence investigation report. Respondent submitted a brief in support of mitigation, with affidavits by the accountant, the operations officer and other officers of Colonial Lloyds These affidavits attested to the fact that respondent during the pertinent times was not active in the business and did not attend the meetings or participate in the decision that led to the banking transaction underlying the criminal conviction. The hearing committee ruled that the affidavits were an attempt to retry the criminal conviction and excluded the evidence from ^consideration, but entered the evidence as a proffer.
On the merits, the hearing committee rendered its findings and recommendations, concluding:
[T]he respondent’s conduct during the course of these proceedings convinces the Committee that the Respondent has not recognized that at the root the practice of law is first a public trust and secondarily a means for the attorney to make a living. The Respondent has acted as if the practice of law were a medieval benefice, whose fruits are at his sole disposal.
Based on this reasoning, the committee recommended that the baseline sanction of disbarment be imposed.
The disciplinary board agreed with the findings of the hearing committee. Although the board noted that respondent attempted to give the impression that he only played a minimal role in the fraudulent acts associated with the failure of Colonial Lloyds, the board found that respondent’s attempt' to maintain himself in his judicial position as long as he possibly could evidenced a complete lack of sensitivity to the damage he had caused. As aggravating factors, the board found a pattern of conduct, multiple offenses, a dishonest motive, a refusal to acknowledge the wrongfulness of the conduct and substantial injury to the public. The board further found that the mitigating factors, such as no prior discipline, imposition of other penalties and good character and reputation, were not sufficient to require a deviation from the baseline sanction of disbarment. Therefore, the board recommended respondent be disbarred.
Respondent filed an objection to this recommendation, and the matter was set for oral argument before this court.
*736 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, oral argument and briefs, it is the decision of this court that the recommendation of the disciplinary board be adopted. Although we are cognizant of the mitigating factors in this case, we hold that ^disbarment is the appropriate penalty.
We first note that the hearing committee erred in excluding the affidavits submitted by respondent. These affidavits were proper mitigating evidence and have been considered by this court. Moreover, respondent’s counsel in oral argument before this court asserted that respondent did not maintain his judicial position after the conviction for selfish motives, as strongly emphasized by the disciplinary board, but continued in that position at the request of federal government officials with whom he as cooperating during the continuing investigation of other insurance fraud. However, counsel has never submitted any affidavits of government officials in support of his request to remand the case to the hearing committee for additional mitigating evidence, and this court is disinclined to order a remand.
We further note that this case is factually similar to In re King, 94-0686 (La.11/30/94), 646 So.2d 326. In that ease, Patricia Ann King Eicher was convicted of aiding and abetting mail fraud, 18 U.S.C. § 1341 and § 1342. At the time of the offense, Eicher was an officer, director and in-house counsel for the family-run Champion Insurance Co. Like respondent in the instant case, Eicher argued she was “willfully blind” to the scheme. This court rejected that argument and found disbarment was an appropriate sanction. As in King, the insurance company run by the Naccari family received a benefit from the fraudulent scheme. Although respondent was not the master-mind of the scheme, his participation was essential. Moreover, respondent’s conduct is arguably more egregious than the conduct in King since it took place while he was serving in the office of judge, a position of public trust. As in King, the magnitude of the harm in this case outweighs any mitigating circumstances. Therefore, we conclude disbarment is the appropriate penalty.
| ¿DECREE
For the reasons assigned, it is ordered that the name of J. Bruce Naccari, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked, retroactive to the date of the interim suspension previously ordered by this court. All costs of this proceeding are assessed against respondent.
MARCUS, J., dissents, being of the opinion that the case should be remanded to the hearing committee to permit respondent an opportunity to offer additional evidence of mitigation.

 Kimball, J. not on panel. Rule IV, Part 2, § 3.