DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Anne W. Schneider. The charges alleged that respondent violated Rule 8.4(a), (b) and (c) of the Rules of Professional Conduct.
A review of the underlying facts indicates that on September 26, 1996, respondent was charged in the United States District Court for the Eastern District of Louisiana with one count of mail fraud, conspiracy to commit mail fraud, intentionally submitting material false statements to-a federally insured banking institution, and submitting or causing to be submitted financial statements to banking institutions which were materially false, and one count of willfully making and subscribing an Internal Revenue Service Form 1040 under penalty of perjury which materially understated her income.
These federal charges arose from respondent’s activities as a shareholder and officer of Charter Title Co. (“Charter”), a company involved in commercial and residential real estate transactions.[1] According to the bill of information, Charter would transfer its clients’ money from an escrow account to an operating account and use the money to pay Charter’s corporate bills, payroll, and loans to Charter shareholders. Charter would then solicit new customers to cover the real estate obligations of its previous customers. Charter’s expenses were always greater than its income, but the funds misappropriated from the escrow accounts were used to keep the company operating. When respondent resigned from the ^corporation in 1991, corporate losses exceeded $200,000. By the time Charter filed for bankruptcy in 1995, the creditor’s claims totaled in excess of three million dollars, which in turn spawned a major lawsuit in federal court by those companies that issued title insurance through Charter.
In addition, respondent, through Charter, submitted false financial statements to various federally insured banks in order to secure' lines of credit issued by those banks. In 1990 and 1991, respondent filed income tax returns under reporting the company’s earned income.
On October 9, 1996, respondent pled guilty to the bill of information. She was later sentenced to three years probation, which included ninety days home confinement, and was ordered to pay restitution in the amount of $100,000. Further, respondent was barred from practice in the United States *40 District Court for the Eastern District of Louisiana for a period of three years.
After respondent pled guilty, the ODC filed a motion in this court for interim suspension, which this court granted. In re Schneider, 96-2530 (11/8/96), 683 So.2d 257.
On December 5, 1996, the ODC filed one count of formal charges based on respondent’s conviction. Respondent filed an answer admitting to the charges and requested a hearing be set for purposes of determining the discipline warranted. At the hearing, respondent asserted a suspension, not to exceed three years, was appropriate. As" mitigating evidence, respondent asserted that her conviction was unrelated to the practice of law or the legal profession and in no way involved harm to clients. Moreover, respondent contended her romantic involvement with her business partner in Charter caused him to be able to exercise undue influence over her.
On July 8, 1996, the committee rendered its findings concluding respondent violated a duty owed to the public in failing to conduct herself and her business honestly, which adversely reflected on the legal profession. The committee pointed out that the collapse of Charter resulted in federal litigation and losses hto creditors in excess of $3 million. It further noted the corporate losses of Charter exceeded $200,000 by the time respondent resigned in 1991, and she owed approximately $30,000 in back taxes. It recognized that while respondent was not representing clients in legal cases, she did not cease to be an attorney when making representations to customers and creditors and submitting false statements. The committee rejected respondent’s defense that she was so “incapacitated by lové”' that she was unaware she was engaging in illegal acts, and concluded she acted intentionally and knowingly by her own admission.
As mitigating factors, the committee recognized the absence of prior criminal and disciplinary records, cooperation with the ODC and the government in their investigations, expression of remorse, and emotional problems. It also noted the probation report indicated that it did not appear respondent took an active part in the diversion of the money for criminal purposes. Nonetheless, the committee found these factors did not “negate the fact that respondent had direct knowledge of these illegal and dishonest practices and knowingly participated in them.” It concluded the crimes to which respondent pled guilty were serious ones involving dishonesty, fraud, deceit and misrepresentation, and therefore recommended disbarment as the appropriate sanction.
On October 3, 1997, the disciplinary board issued its recommendation adopting the committee’s findings and recommending disbarment as the appropriate sanction. Respondent filed a timely objection in this court to the disciplinary board’s recommendation, and the matter was set for oral argument before this court. Supreme Court Rule XIX, § 11(G)(1)(b).
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, oral argument and briefs, it is the decision of this court that the recommendation of the disciplinary board be adopted; In so holding, we are cognizant of the mitigating factors urged by respondent. Nonetheless, we find, as we did in the factually similar cases of In re Naccari, 97-1546 (La.12/19/97), 705 So.2d 734, and In re King, 94-0686 (La.11/30/94), 646 So.2d 326, that the magnitude of the harm in this matter outweighs any mitigating circumstances. Therefore, we conclude disbarment is the appropriate penalty.
Accordingly, it is ordered that the name of Anne W. Schneider be stricken from the roll of attorneys and that her license to practice law in the State of Louisiana be revoked, retroactive to the date of her interim suspension from the practice of law. All costs of these proceedings are assessed against respondent.

 Marcus, J., not on panel. Rule IV, Part 2, § 3.

. On October 31, 1997, this court disbarred respondent’s business partner, J.B. Kiefer, pursuant to a petition for consent discipline. In re Kiefer, 97-2463 (La. 10/31/97), 700 So.2d 1262. His disbarment arose from his criminal conviction on the same charges for which respondent was convicted and arose out of the same activities.