*244 ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.*
This attorney disciplinary proceeding arises from two counts of formal charges instituted by the Office of Disciplinary Counsel (“ODC”) against respondent, Patrick H. Harrington, an attorney licensed to practice law in the State of Louisiana, alleging violations of the Rules of Professional Conduct, specifically, Rules 8.4(b)(c) (criminal acts reflecting adversely on the lawyer’s honesty and conduct involving dishonesty, fraud, deceit, or misrepresentation), 3.1 (filing of non-meritorious claims and contentions), 3.3(a)(l)(4) (lack of candor toward the tribunal) and Rule 4.1 (lack of truthfulness in statements to others).
Underlying Pacts
The record indicates that on September 14, 1994, respondent pleaded guilty in the United States District Court for the Western District of Louisiana to one count of conspiracy to induce three illegal aliens into the United States and to transport, harbor, and conceal the illegal aliens, and two counts of transporting illegal aliens in violation of 18 U.S.C. § 371, 8 U.S.C. § 1324(a)(l)(B)(C)(D) and 18 U.S.C. § 2.
After respondent pleaded guilty to these charges, but prior to sentencing, he attempted to obtain false testimony from several witnesses by offering the payment of money. Respondent apparently wanted the witnesses to execute false affidavits in an attempt to minimize his role in connection with the initial charges. The plan was discovered by the authorities, and respondent was later charged with one count of conspiracy to obstruct justice by bribery and one count of obstructing justice by ^offering money to induce false statements in violation of 8 U.S.C. § 1324(a)(1)(C) and 18 U.S.C. § 2. On December 29, 1994, respondent pleaded guilty to these charges.
On April 5, 1995, the federal court sentenced respondent in both sets of charges. As to the illegal alien charge, the court sentenced respondent to thirty months in prison; as to the obstruction of justice charge, the court sentenced respondent to sixty months in prison. Both sentences were to run concurrently.
Disciplinary Proceedings
Based on the federal court convictions, this court ordered that respondent be placed on interim suspension. In re: Harrington, 94-2491 (La.12/4/94), 647 So.2d 1103. Subsequently, the ODC instituted formal charges against respondent. Respondent failed to file a timely answer, and as a result, no formal hearing was conducted.[1]
On January 10, 1996, the hearing committee rendered its recommendation to the disciplinary board, finding it was clear that respondent’s conduct violated Rule 8.4 of the Rules of Professional Conduct.[2] Relying on *245 Standard 5.11 of the ABA Standards for Imposing Lawyer Conduct,[3] the committee recognized the baseline sanction for such conduct was disbarment. It found no mitigating [ .-¡factors to be present,[4] but recognized, as an aggravating factor, that respondent had an extensive prior disciplinary history.[5] It concluded respondent’s prior disciplinary history showed an utter disregard for the precepts of the profession, and that his present conviction for obstruction of justice by bribery showed a “callous disregard for the most basic tenets of our system of justice.” Based on these factors, it recommended disbarment as the only appropriate sanction.
On February 6, 1998, the disciplinary board filed its recommendation with this court, incorporating and adopting the hearing committee’s findings. Like the hearing committee, the board recommended respondent be disbarred.
Neither respondent nor the ODC filed an objection in this court to the disciplinary board’s recommendation.
Conclusion
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and the record filed herein, it is the decision of the court that the recommendation of the disciplinary board be adopted.
Accordingly, it is ordered that the name of Patrick H. Harrington be stricken from the roll of attorneys and that his 14Iicense to practice law in the State of Louisiana be revoked. All costs of these proceedings are assessed to respondent.

 Traylor, J. not on panel. Supreme Court Rule IV, Part 2, § 3.

. Several months later, respondent filed a handwritten document entitled “Answer to Petition of Disbarment," submitting, as mitigating evidence, his contention that he suffered from a mental disease.

. However, based on the record, the committee was unable to conclude there were violations of Rules 3.1 (meritorious claims and contentions), 3.3(a)(l)(4) (candor toward the tribunal) and Rule 4.1 (truthfulness in statements to other), since these rules deal with conduct by a lawyer while acting as a lawyer.

. Standard 5.11 of the ABA Standards for Imposing Lawyer Conduct provides disbarment is generally appropriate when;
(a) A lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; distribution or importation of controlled substances; or the intentional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or
(b) A lawyer engages in any other intentional conduct involving dishonesty, fraud deceit, or misrepresentation that seriously adversely reflects on the lawyer’s fitness to practice.

. The committee noted that respondent attempted to assert the mitigating factor of mental disability or impairment. However, the committee found the evidence presented by respondent on this issue was not persuasive.

. Respondent s prior disciplinary history is as follows;
1. Private Reprimand, COPR, 5/1/89; N
2. Private Reprimand, COPR 9891, 6/16/89; ro
4. Nine month suspension, State Bar Association v. Harrington, 585 So.2d 514 (La. 1990); '†
5. Admonition, 90-ADB-627, 2/1/91;
6. Admonition, 90-ADB-629, 2/1/91;
7. Admonition, 90-ADB-555, 11/26/91;
8. Admonition, 90-ADB-564, 11/26/91;
9. Admonition, 90-ADB-566, 11/26/91;
10. Admonition, 90-ADB-578, 11/26/91;
11. Admonition, 90-ADB-579, 11/26/91;
12. Admonition, 90-ADB-580, 11/26/91;
13. Admonition, 90-ADB-581, 11/26/91;
14. Twelve month suspension. In Re: Harrington, 589 So.2d 479 (La.1991);
15 Reprimand, In Re: Harrington, 608 So.2d 631 (La. 1992).