ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM. *
This attorney disciplinary proceeding arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, John A. Mmahat, an attorney licensed to practice law in the State of Louisiana.
UNDERLYING FACTS
In the early 1980’s, respondent was the Chairman of the Board of Gulf Federal Savings Bank (“Gulf Federal”), a federally-insured financial institution in Metairie, Louisiana. In 1983, Gulf Federal was audited. The auditors discovered the institution was insolvent, and an additional audit was scheduled for November of 1984. Pri- or to that date, respondent induced Gulf Federal to make “sham” loans to shell corporations and to swap loans with other banks to conceal Gulf Federal’s weak financial position. The effect was to decrease Gulf Federal’s delinquent loan balance and to inflate the income on its 1984 financial statement. However, the scheme ultimately failed, and the bank went into receivership in November of 1986.
Subsequently, respondent was indicted in the United States District Court for the Eastern District of Louisiana with nine counts of violations for conspiracy to misapply funds of a financial institution, in violation of 18 U.S.C. § 371; misapplication of funds of a financial institution, in violation of 18 U.S.C. § 657; and making false entries in records of a financial institution, in violation of 18 U.S.C. § 1006; as well as making false statements to influence a federal agency, in violation of 18 U.S.C. § 1008. On November 3, 1994, a jury convicted respondent on all of the offenses. On October 9, 1995, the court sentenced respondent to 21 years in prison and | ^ordered him to pay substantial restitution. His conviction was affirmed on appeal. United States v. Mmahat, 106 F.3d 89 (5th Cir.1997).
DISCIPLINARY PROCEEDINGS
Shortly after respondent’s conviction, the ODC filed a motion seeking to place him on interim suspension. This court granted the motion and placed respondent on interim suspension on April 8, 1996, ordering the ODC to institute formal charges. In re: Mmahat, 96-0303 (La.3/8/98), 669 So.2d 412; clarified, 96-0303 (La.5/3/96), 672 So.2d 911.
The ODC instituted formal charges, alleging violations of Rule 8.4(a)(b) and (c) of the Rules of Professional Conduct.[1] Re *1286 spondent filed an answer, and the matter was set for a formal hearing before the committee.

Hearing Committee Recommendation

Due to respondent’s incarceration, he was not present at the hearing, but his attorney appeared on his behalf. While not contesting the fact of respondent’s conviction, his attorney relied on two allegedly exculpatory documents as mitigating evidence. These documents consisted of resolutions passed by the Board of Directors of Gulf Federal, dated December 11, 1984 and January 15, 1985, which purportedly authorized respondent to engage in business transactions on the bank’s behalf without any further action by the Board, and to perform all acts he deemed advisable in his sole and uncontrolled discretion for the benefit of the bank. According to respondent’s attorney, hthese resolutions gave respondent the authority to negotiate “work out” loans to convert non-performing loans to performing loans.[2]
At the conclusion of the hearing, the committee made several findings of fact: (1) respondent was convicted of conspiracy to misapply funds of a financial institution in violation of 18 U.S.C. § 371; misapplication of funds of a financial institution in violation of 18 U.S.C. § 657; and false entries in records of a financial institution in violation of 18 U.S.C. § 1008; (2) respondent personally benefitted from his criminal conduct by attempting to protect his substantial investment in Gulf Federal Savings Bank and the stream of income to his law firm from work associated with the bank’s loan closings; and (3) respondent was convicted of crimes that were felonies.
The hearing committee noted that in a case involving a final conviction, the certificate of respondent’s conviction is considered conclusive evidence of guilt of the crime for which he has been convicted. The committee determined the ODC submitted sufficient proof to substantiate respondent’s conviction of a crime that meets the definition of a “serious crime” under Rule XIX, § 19(B), and it found respondent had been convicted of crimes that not only bring into question his honesty, but that also involve fraud, deceit, and misrepresentation in connection with the scheme to deceive the federal regulators and auditors. Thus, the committee determined the ODC had met its burden of showing that the nature of the crimes violate Rule 8.4(a)(b) and (c) of the Rules of Professional Conduct, and that respondent’s criminal acts warrant discipline.
The committee indicated the base line sanction for respondent’s actions was disbarment. It found several aggravating facts: dishonest or selfish motive; multiple offenses; refusal to acknowledge wrongful nature of conduct; and substantial experience in the practice of law. The sole mitigating factor found by the committee was the absence of a prior disciplinary record. Based on these findings, the committee recommended respondent be disbarred from the practice of law.
| ¿Disciplinary Board Recommendation
The disciplinary board concurred in the findings and recommendation of the hearing committee. Relying on Standard 5.11 of the ABA Standards for Imposing Law *1287 yer Sanctions[3] and jurisprudence from this court,[4] it agreed the base line sanction for his conduct was disbarment. In addition, the board concurred with the hearing committee’s findings regarding aggravating and mitigating factors. Accordingly, it recommended that respondent be disbarred and assessed with all costs.
Neither respondent nor the ODC filed an objection in this court to the recommendation of the disciplinary board.
DISCUSSION
The record supports the findings of the hearing committee and disciplinary board. It is undisputed that the crimes of which respondent was convicted are felonies under federal law and involve elements of dishonesty and deceit. Clearly, this conviction adversely reflects on respondent’s fitness as an attorney. After considering all the facts, and weighing the aggravating and mitigating factors, we agree that disbarment is the appropriate sanction.
DECREE
Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and after consideration of the record filed herein, it is the decision of the court that the name of respondent, John A. Mmahat, be stricken from the roll of attorneys, and that his ^license to practice law in the State of Louisiana be revoked. All costs and expenses of these proceedings are assessed to respondent in accordance with Supreme Court Rule XIX, § 10.1.

 Traylor, J. not on panel. Rule IV, Part II, § 3.

. Rule 8.4 provides, in pertinent part:
It is professional misconduct for a lawyer to:
ía) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
*1286 (b) Commit a criminal act especially one that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;

. According to respondent's attorney, these documents were part of a 500,000 page production of documents made by the government prior to trial, but respondent’s attorneys did not locate the specific resolutions until after trial. On appeal, respondent argued the jury would have reached a different verdict if he had been able to present these resolutions for the jury’s consideration. The Court of Appeals rejected this argument, and found the government did not violate Brady v. Maryland, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), because respondent's attorneys did not use “due diligence” in discovering the resolutions. Mmahat, 106 F.3d at 94.

. Standard 5.11 suggests:
Disbarment is generally appropriate when: (a) a lawyer engages in serious criminal conduct a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; ... or an attempt or conspiracy or solicitation of another to commit any of these offenses; or (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer’s fitness to practice.

. The disciplinary board relied on several cases where this court disbarred lawyers based on convictions for crimes involving dishonesty. See In re: Basile, 98-0900 (La.5/29/98), 714 So.2d 687; In re: Harrington, 98-0344 (La.5/8/98), 710 So.2d 243; In re: Schneider, 97-2457 (La. 1/30/98), 707 So.2d 38; In re: Kiefer, 97-2463 (La.10/31/97); 700 So.2d 1262