hKNOLL, J.,
dissenting.
I find that the baseline sanction for Fer-rouillet’s conduct is disbarment and the majority’s imposition of a three-year suspension is woefully inadequate in light of this attorney’s conduct.[1]
Ferrouillet’s conviction of sixteen serious felony counts arises from his involvement in a scheme to conceal the source of a campaign contribution he knew to be illegal. Ferrouillet lied about these funds to government agents on two occasions in an attempt to cover up his illegal conduct and manufactured a list of persons who purportedly contributed money or “pledges” of support to the political campaign with which he was involved. Not only is this intentional conduct criminal, it involves fraud, deceit, dishonesty, and misrepresentation.
A review of this state’s jurisprudence shows that this Court has disbarred attorneys under similar circumstances. See In re: Schneider, 97-2457 (La.1/30/98), 707 So.2d 38 (attorney disbarred based on conviction of mail fraud, conspiracy to commit mail fraud, submitting materially false statements to a banking institution, and willfully making and subscribing a false tax return in connection with Charter Title Company); In re: Naccari, 97-1546 (La.12/19/97), 705 So.2d 734 (attorney and former judge disbarred based on conviction of wire fraud in connection with scheme to defraud state insurance regulators as to the solvency of Colonial Lloyds Insurance Company); In re: King, 94-0686 (La.11/30/94), 646 So.2d 326 (attorney | ^disbarred based on conviction of mail fraud in connection with creating fraudulent bank records specifically designed to *953 mislead regulatory officials concerning the financial state of Champion Insurance Company).
Admittedly, this Court has deviated from disbarment in cases where there are significant mitigating factors. For example, in In re: Vaughn, 95-0810 (La.9/25/95), 660 So.2d 1202, the Court imposed a three-year suspension on an attorney who was convicted of mail fraud. While president of Anglo American Insurance Company, Vaughn directed his secretary to sign his name to financial statements that the respondent knew misrepresented the insurer’s financial condition. This Court noted that the baseline sanction for this type of offense is disbarment, but found a three-year suspension was warranted given the substantial mitigating circumstances. These included the respondent’s timely good faith effort to rectify the consequences of his misconduct (which resulted in the prosecution of others involved in the illegal scheme and the recovery of more than $3 million of the insurer’s losses), the fact that Vaughn’s illegal activity resulted in “more potential injury than traceable actual injury,” his cooperative attitude toward the disciplinary proceedings, imposition of other penalties or sanctions, and remorse. See also Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990) (thirty-month suspension imposed on lawyer convicted of aiding and abetting wire fraud; court found “substantial mitigating factors warranted a downward deviation from the baseline sanction of disbarment”); Louisiana State Bar Ass’n v. Rosenthal, 515 So.2d 797 (La.1987) (court rejected disbarment in favor of a three-year suspension following the Rosenthal’s conviction of mail fraud; his “excellent record before the offense, his remorse, and his reputation as a citizen and attorney” were found to be substantial mitigating factors).
| ¡Nonetheless, I question whether the mitigating factors in the case sub judice are as significant as those in the earlier cases. While I agree that Ferrouillet has an excellent reputation in the community, as attested by numerous letters from his family, friends, and community leaders, I note that this factor is tempered because he used his position of trust in the community to facilitate his fraud, attempting to compile lists of “donors” to circumvent the federal campaign finance laws. Likewise, under these circumstances, I find that the disciplinary board’s finding of absence of selfish motive is debatable. While Fer-rouillet did not directly profit from his actions, he clearly had an interest in preventing the loan he had guaranteed from being called. Finally, I find that the disciplinary board’s determination that respondent’s conviction was not related to the practice of law or the legal profession is not completely accurate.[2] Although respondent was not acting as an attorney in this matter, he attempted to use his status as an attorney to conceal the true nature of an illegal campaign contribution, attempting to disguise it as a “legal fee.” Moreover, this Court has often declined to consider in mitigation an attorney’s claim that his criminal conviction is unrelated to the practice of law. See, e.g., In re: Schneider, supra. While Ferrouillet’s actions did not occur in the context of a traditional attorney/client relationship and did not cause harm to a client, I find that they go to the heart of his fitness as an attorney.
In sum, I find that Ferrouillett, a twenty-six year member of this bar, voluntarily *954 involved himself in criminal activity which involved substantial elements of intentional fraud and significantly hurt the image of the legal profession. 1 ¿Accordingly, I find that the facts of this case strongly support the imposition of the baseline sanction, disbarment,

. I note that Ferrouillet has been on interim suspension since May 1997. This Court's three-year suspension makes Ferrouillet eligible to apply for readmission immediately.

. This conclusion is based strictly on the federal court's ruling that no upward adjustment in the sentencing guidelines was required, as had been urged by the government, because there was insufficient evidence that respondent employed a "special skill'' in a manner "that significantly facilitated the commission or concealment of the offense.” However, these findings are not binding on this court. In re: Quaid, 94-1316 (La. 11/30/94), 646 So.2d 343 (citing Louisiana State Bar Ass’n v. Boutall, 597 So.2d 444 (La. 1992), and Supreme Court Rule XIX, § 18(C)).