ATTORNEY DISCIPLINARY PROCEEDINGS
|,PER CURIAM.
This disciplinary proceeding arises from a petition for consent discipline filed by respondent, Mark B. Herman, an attorney licensed to practice law in the State of Louisiana but who is currently on interim suspension.[1]
UNDERLYING FACTS
Respondent owned a majority interest in Bomar Investment Corporation (“Bomar”) and was chairman of its board. Bomar, in turn, owned several insurance companies, many of which were in poor financial health. Although he was aware of the companies’ poor financial condition, respondent allowed the companies to continue to sell insurance policies. One company continued to sell investments, including annuities and IRAs, and actively solicited business by misrepresenting its financial condition. Subsequently, respondent sold the assets of Bomar knowing the insurance companies were insolvent. As part of the sale, he accepted $905,000 in a series of personal payments described as salary and bonuses. Respondent’s co-conspirators furthered the scheme by distributing, through the mail, Standard Independent Comparative Reports and Growth Record Reports that falsely stated one of the insurance companies was financially sound.
| ¡^Subsequently, respondent was charged in the United States District Court for the Eastern District of Louisiana with mail fraud and conspiracy to commit mail and wire fraud in violation of 18 U.S.C. § 1341. Respondent pleaded guilty to these charges in December 1998.
DISCIPLINARY PROCEEDINGS
Shortly after respondent pleaded guilty to the federal charges, he and the Office of Disciplinary Counsel (“ODC”) filed a joint motion for interim suspension in this court. On December 8, 1999, this court placed respondent on interim suspension.
Prior to the institution of formal charges, respondent tendered a petition for consent discipline, acknowledging the seriousness of his misconduct and proposing that he be disbarred. The ODC concurred in the petition for consent discipline.

*329
Disciplinary Board Recommendation

The disciplinary board concluded respondent violated Rules 8.4(a) (violation of the Rules of Professional Conduct) and (b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness or fitness as a lawyer) of the Rules of Professional Conduct and, therefore, violated his duty owed to the public. The board recognized that respondent’s actions were intentional and knowing and resulted in great potential injury.
As aggravating factors, the board recognized respondent’s dishonest or selfish motive and pattern of misconduct. As a mitigating factor, it noted the lack of a prior disciplinary record. Considering the ABA’s Standards for Imposing Lawyer Sanctions[2] and jurisprudence from this court, the board recommended the consent Isdiscipline be accepted and that respondent be disbarred from the practice of law, retroactive to the date of his interim suspension.
DISCUSSION
There is no dispute regarding the underlying facts which form the basis for respondent’s federal conviction. Therefore, the sole issue before us is the appropriate sanction for respondent’s misconduct.
In making a determination of the appropriate sanction, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990).
Respondent was convicted of mail fraud and conspiracy to commit mail and wire fraud, serious crimes which reflect upon his moral fitness to practice law. Supreme Court Rule XIX, § 19(B). Respondent’s actions were calculated to defraud the public for his personal gain. Under similar circumstances, this court has imposed disbarment. See In re: Schneider, 97-2457 (La.1/30/98), 707 So.2d 38 (attorney convicted of mail fraud, conspiracy to commit mail fraud, intentionally submitting false statements to a banking institution, and tax fraud was disbarred from the practice of law); In re: Naccari, 97-1546 (La.12/19/97), 705 So.2d 734 (attorney and former judge convicted of wire fraud in insurance scheme was disbarred from practicing law); In re: King, 94-0686 (La.11/30/94), 646 So.2d 326 (attorney convicted of aiding and abetting mail fraud was disbarred from the practice of law).
| ¿Accordingly, we will accept the petition for consent discipline and order that respondent be disbarred from the practice of law.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of Mark B. Herman be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. In re: Herman, 99-3258 (La.12/8/99), 756 So.2d 281.

. Standard 5.11 suggests that disbarment is appropriate in cases involving commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer, or in cases where the lawyer’s conduct involves dishonesty, fraud, deceit or misrepresentation.