|,PER CURIAM.*
This matter arises from a petition for consent discipline filed by respondent, Charles R. Rowe, an attorney licensed to practice law in Louisiana but who is currently on interim suspension.
UNDERLYING FACTS
The record reveals that the ODC has opened eighteen investigatory files involving respondent. In each instance, respondent is accused of failing to properly supervise a non-lawyer assistant, Jerry Whittington, whom respondent employed as a paralegal in connection with a portion of his practice known as the Federal Inmate Legal Services (“FILS”). Mr. Whit-tington improperly received fees from prospective clients[1] and converted those funds to his own use; FILS then failed to provide any legal representation to the clients.
Following numerous complaints to the FBI by clients of FILS, an FBI agent contacted respondent to discuss the matter. Respondent led the agent to believe that Mr. Whittington worked for him as a paralegal and had performed the services for the complainants. However, respondent knew in all probability that Mr. Whit-tington had not performed the work. Respondent further led the agent to believe that Mr. ^Whittington was involved in legitimate business endeavors, when in fact he knew Mr. Whittington was using FILS to defraud the public. Respondent’s statements misled the FBI agent about the seriousness of Mr. Whittington’s conduct and thereby delayed the investigation into his illegal activities.
Based on his misleading statements, respondent was charged in federal court. Respondent subsequently pleaded guilty to one count of making false statements to a federal agent, a violation of 18 U.S .C. § 1001.[2]
Following the guilty plea, respondent and the ODC jointly moved to place respondent on interim suspension. This court granted the motion on August 24, 2000. In re Rowe, 00-2312 (La.8/24/00), 768 So.2d 593.
DISCIPLINARY PROCEEDINGS

Petition for Consent Discipline

Prior to the institution of formal charges by the ODC, respondent filed a petition for consent discipline. In the petition, he admitted that his failure to supervise Mr. *776 Whittington, and his subsequent federal conviction, constituted a violation of the following provisions of the Rules of Professional Conduct: Rules 5.3 (responsibilities regarding non-lawyer assistants), 8.4(a) (violation of the Rules of Professional |sand 8.4(b)) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer). In mitigation, respondent represented that he has made full and complete restitution and/or reimbursement to any and all claimants whom his employee defrauded.[3] Respondent also asserted he has fully cooperated with the ODC in its investigation of this matter. For his misconduct, respondent proposed that he be suspended from the practice of law for three years, retroactive to the date of his interim suspension. The ODC filed a concurrence in the petition, praying that the petition be approved and the stipulated form of discipline be imposed.

Disciplinary Board Recommendation

In its report, the disciplinary board found that respondent knowingly, if not intentionally, violated a duty owed to the public, his clients, and the profession. While the extent of injury to respondent’s clients is not clear from the record, the board found that respondent’s actions have caused serious injury to the public and the profession. The board determined that several mitigating factors are present in this matter, including timely good faith effort to make restitution or to rectify the consequences of the misconduct, full and free disclosure to the disciplinary board or cooperative attitude toward the proceedings, imposition of other penalties or sanctions, and remorse. The board also identified several mitigating factors, including dishonest or selfish motive, substantial experience in the practice of law (admitted 1979), and vulnerability of the victims.
| ¿Turning to the sanction, the board found this court had imposed three year suspensions for similar misconduct, where significant mitigating factors were present.[4] In light of the mitigating factors present in the instant case, the board concluded that the proposed sanction was appropriate. Accordingly, the board recommended the consent discipline be accepted and that respondent be suspended from the practice of law for a period of three years, retroactive to the date of his interim suspension.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
Although this matter arises from a petition for consent discipline, Supreme Court Rule XIX, § 20(B) provides that the extent of discipline to be imposed is subject to review. In determining an appropriate sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct. Louisiana State Bar Ass’n v. Reis, 513 So.2d 1173 (La.1987). The discipline to be imposed depends upon the facts of each case and the seriousness of the of *777 fenses involved, considered in light of any aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Whittington, 459 So.2d 520 (La.1984).
Respondent’s failure to supervise his non-lawyer employee, as well as his subsequent misleading statements in connection with the federal investigation of the non-lawyer, clearly constitutes serious misconduct which would justify a baseline sanction of disbarment. However, we recognize the existence of several mitigating 1 ^factors present in this case, particularly respondent’s payment of complete restitution to the clients of FILS, which warrants a downward deviation from the baseline sanction of disbarment.
Accordingly, we will accept the consent discipline and suspend respondent from the practice of law for a period of three years, retroactive to August 24, 2000, the date of his interim suspension.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that Charles R. Rowe be suspended from the practice of law for three years, retroactive to his August 24, 2000 interim suspension. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Retired Judge Robert L. Lobrano, assigned as Justice Pro Tempore, participating in the decision.

. It appears from the record that respondent received approximately $11,500 of the more than $124,000 paid by the complainants to FILS. Mr. Whittington received the remainder of the fees.

. 18U.S.C. § 1001 provides:
Except as otherwise provided in this section, whoever, in any matter within the jurisdiction of the executive, legislative, or judicial branch of the Government of the United States, knowingly and willfully—
(1) falsifies, conceals, or covers up by any trick, scheme, or device a material fact;
(2) makes any materially false, fictitious, or fraudulent statement or representation; or
(3) makes or uses any false writing or document knowing the same to contain any materially false, fictitious, or fraudulent statement or entry;
shall be fined under this title or imprisoned not more than 5 years, or both.

. Respondent represents that he has refunded $101,116 to the FILS complainants. When combined with the $21,947 refunded by Mr. Whittington’s family, all of the complainants have apparently been made whole.

. The board cited In re: Ferrouillet, 99-3434 (La.6/30/00), 764 So.2d 948 (three-year suspension imposed upon an attorney who was convicted of federal crimes arising out of an illegal campaign contribution; numerous mitigating factors were present), and In re: Vaughn, 95-0810 (La.9/25/95), 660 So.2d 1202 (three-year suspension imposed upon an attorney who was convicted of mail fraud; numerous mitigating factors were present).