*1109 ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.
This disciplinary matter arises from one count of formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Jerry K. Schwehm, an attorney licensed to practice law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
Respondent assumed the office of Justice of the Peace for the Eighth Ward of St. Tammany Parish in December 1990. In 1994, the legislative auditor conducted an audit of respondent’s office. The audit revealed that although respondent had assessed and collected $6,025 in litter fines through the Justice of the Peace Court, he had not remitted the fitter fines to the St. Tammany Parish Police Jury. Furthermore, the audit revealed that respondent charged fees of at least $4,060 for the fifing of peace bonds, in violation of state law. In June 1994, a St. Tammany Parish grand jury returned a six-count indictment charging respondent with malfeasance in office, unauthorized use of movables (namely funds in excess of $1,000), and theft of money of a value of over $500.
In May 1996, a jury convicted respondent of two counts of malfeasance in office, violations of La. R.S. 14:134. In March 1997, respondent was sentenced to serve five years at hard labor and fined $1,500. The last two years of the sentence were suspended, and respondent was placed on probation for five years following his | ¡.release, with special conditions. Respondent received an automatic first offender pardon effective March 7, 2002.
DISCIPLINARY PROCEEDINGS
In May 1997, the ODC filed one count of formal charges against respondent, alleging that his conviction constituted a violation of the following provisions of the Louisiana Rules of Professional Conduct: Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the administration of justice). In June 1997, respondent answered the formal charges and admitted his conviction, but requested that the disciplinary proceeding be held in abeyance pending the finality of his conviction.
Respondent’s conviction became final in *1110 March 2000.[1] On February 6, 2002, this court placed respondent on interim suspension based upon his conviction. In re: Schwehm, 02-0188 (La.2/6/02), 807 So.2d 829.

Hearing Committee Recommendation

This matter proceeded to a hearing on the merits of the formal charges on May 31, 2002. At the outset, the committee observed that because respondent’s felony conviction is final, the only issue to be considered is the appropriate discipline to be imposed in this case. The committee noted the seriousness of respondent’s laconviction, particularly the fact that the criminal charges arose when respondent was serving in public office. Nevertheless, considering respondent’s testimony in mitigation,[2] the committee felt that a reasonable period of suspension, rather than disbarment, is appropriate. Accordingly, the committee recommended that respondent be suspended from the practice of law for two years.
Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.

Disciplinary Board Recommendation

After reviewing this matter, the disciplinary board found respondent violated the Rules of Professional Conduct as charged in the formal charges. Because an element of the crime of malfeasance in office is intentional or knowing conduct,[3] the board concluded respondent intentionally and knowingly violated duties owed to the public.
As aggravating factors, the board recognized respondent’s dishonest or selfish motive, pattern of misconduct, multiple offenses, refusal to acknowledge the wrongful nature of the conduct, and substantial experience in the practice of law (admitted |41974). In mitigation, the board recognized the absence of a prior disciplinary record, respondent’s personal and emotional problems, cooperative attitude toward the disciplinary proceedings, and the imposition of other penalties or sanctions.
In determining an appropriate sanction for respondent’s misconduct, the board considered the ABA’s Standards for Imposing Lawyer Sanctions. Standard 5.11 provides for disbarment when: (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, false swearing, misrepresentation, fraud, extortion, misappropriation, or theft; or the sale, distribution or importation of controlled substances; or the inten *1111 tional killing of another; or an attempt or conspiracy or solicitation of another to commit any of these offenses; or (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on the lawyer’s fitness to practice law. On the other hand, Standard 5.12 provides for suspension “when a lawyer knowingly engages in criminal conduct which does not contain the elements listed in Standard 5.11 and that seriously adversely reflects on the lawyer’s fitness to practice.” The board noted that although the statute defining malfeasance in office does not include any of the necessary elements listed in Standard 5.11(a), respondent’s actions can be classified as intentional misconduct involving dishonesty, fraud, deceit, or misrepresentation that seriously adversely reflects on his fitness to practice. Respondent’s misconduct included the intentional failure to remit litter fines as required by state law and the charging and collecting of unauthorized fees; in both instances, respondent’s actions involved dishonesty, fraud, deceit, or misrepresentation. The board concluded that respondent’s illegal acts clearly show a failure to maintain the personal honesty and integrity required by the legal profession and the legal system, and hence disbarment is the appropriate sanction for ^respondent's misconduct. See also In re: Bankston, 01-2780 (La.3/8/02), 810 So.2d 1113.
Based on this reasoning, the board recommended that respondent be disbarred. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court’s judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
DISCUSSION
Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass’n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed depends on the seriousness of the offense and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass’n v. Perez, 550 So.2d 188 (La.1989).
The record demonstrates that respondent was convicted of two felony counts of malfeasance in office, violations of La. R.S. 14:134. The underlying facts of this conviction reveal that respondent knowingly and intentionally failed to remit litter fines collected through his office and charged and collected unauthorized fees for the filing of peace bonds. The baseline sanction for this conduct is clearly disbarment.
|fiThe mitigating factors found by the hearing committee are compelling. Furthermore, respondent’s actions did not involve the practice of law or harm to any client. Nevertheless, respondent was an elected public official at the time of the misconduct, and for that reason alone, his actions are particularly egregious. In In re: Bankston, 01-2780 (La.3/8/02), 810 So.2d 1113, we held that an attorney occupying a position of public trust is held to even a higher standard of conduct than an ordinary attorney. See also In re: Naccari, 97-1546 (La.12/19/97), 705 So.2d 734; In re: Huckaby, 96-2643 (La.5/20/97), 694 *1112 So.2d 906. Under these circumstances, we see no reason to deviate from the baseline sanction of disbarment.
Accordingly, we will accept the disciplinary board’s recommendation that respondent be disbarred, retroactive to the date of his interim suspension.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Jerry Kenneth Schwehm, Louisiana Bar Roll number 11859, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

. On September 24, 1999, the court of appeal affirmed respondent's conviction and sentence. State v. Schwehm, 97-1544 (La.App. 1st Cir.9/24/99), 754 So.2d 264. This court denied respondent's application for supervisory writs on March 31, 2000. State v. Schwehm, 99-2964 (La.3/31/00), 759 So.2d 68.

. Respondent's wife was diagnosed with a recurrence of terminal breast cancer in March 1990, three months after respondent took office as a justice of the peace. Respondent was his wife's primary care giver during the last two years of her life, and he admitted that as a result, he devoted very little attention to his elected office. After his wife died, respondent became very depressed and attempted suicide several times. Respondent sought treatment for his depression and today no longer requires medication.

. See La. R.S. 14:134, which provides in pertinent part as follows:
Malfeasance in office is committed when any public officer or public employee shall:
(1) Intentionally refuse or fail to perform any duty lawfully required of him, as such officer or employee; or
(2) Intentionally perform any such duty in an unlawful manner; or
(3) Knowingly permit any other public officer or public employee, under his authority, to intentionally refuse or fail to perform any duty lawfully required of him, or to perform any such duty in an unlawful manner.