ON APPLICATION FOR REINSTATEMENT
PER CURIAM.
This proceeding arises out of an application for reinstatement filed by petitioner, Charles R. Rowe, an attorney who is currently suspended from the practice of law in Louisiana.
UNDERLYING FACTS AND PROCEDURAL HISTORY
In In re: Rowe, 01-1642 (La.9/21/01), 794 So.2d 774, petitioner failed to supervise a non-lawyer assistant and subsequently made misleading statements in connection with an FBI investigation of the activities of the non-lawyer assistant, resulting in petitioner’s June 2000 federal conviction for making false statements to a federal agent, in violation of 18 U.S.C. § 1001. Following petitioner’s guilty plea, he was placed on interim suspension. In re: Rowe, 00-2312 (La.8/24/00), 768 So.2d 593. Thereafter, and prior to the institution of formal charges by the Office of Disciplinary Counsel (“ODC”), petitioner filed a petition for consent discipline. Petitioner admitted that he failed to supervise his non-lawyer assistant and was *970 convicted of a serious crime. For his misconduct, petitioner proposed that he be suspended from the practice of law for three years. The ODC concurred in the proposed discipline, and the disciplinary board recommended the petition for consent discipline be accepted. Based on the mitigating factors present, including petitioner’s payment of full restitution, this court accepted the petition for consent discipline and suspended petitioner from the practice of law for three years, retroactive to his August 24, 2000 interim suspension.
Petitioner subsequently filed an application for reinstatement to the practice of law, asserting that he has complied with the reinstatement criteria set forth in Supreme Court Rule XIX, § 24(E). After receiving an objection to petitioner’s reinstatement from a former client defrauded by the non-lawyer assistant, the ODC filed an objection to petitioner’s application. Accordingly, pursuant to Supreme Court Rule XIX, § 24(F) and (G), the matter was referred for a formal hearing before a hearing committee.
After considering the evidence presented, the hearing committee recommended that petitioner be reinstated to the practice of law, subject to a one-year period of supervised probation. Neither petitioner nor the ODC objected to the hearing committee’s recommendation.
Thereafter, the disciplinary board adopted the factual findings of the hearing committee, and agreed that petitioner proved by clear and convincing evidence that he satisfies the criteria for reinstatement. Accordingly, the board recommended to this court that petitioner be reinstated to the practice of law, subject to a one-year period of supervised probation. Neither petitioner nor the ODC objected to the disciplinary board’s recommendation.
After considering the record in its entirety, we will adopt the disciplinary board’s recommendation. Petitioner shall be reinstated to the practice of law, subject to a one-year period of probation. Should petitioner commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate.
DECREE
Upon review of the findings and recommendation of the hearing committee and disciplinary board, and considering the record, it is ordered that Charles R. Rowe, Louisiana Bar Roll number 11500, be immediately reinstated to the practice of law in Louisiana, subject to a probationary period of one year. Should petitioner commit any misconduct during the period of probation, his conditional right to practice may be terminated immediately or he may be subjected to other discipline pursuant to the Rules for Lawyer Disciplinary Enforcement, as appropriate. All costs of these proceedings are assessed against petitioner.