DISCIPLINARY PROCEEDINGS
|1PER CURIAM.
Robert F. Collins was a federal judge serving in the Eastern District of Louisiana. On June 29, 1991, he was convicted in a federal jury trial of 1 count of conspiracy, 1 count of bribery, and 1 count of obstruction of justice. Collins conviction was subsequently affirmed and is now final. United States v. Collins, 972 F.2d 1385 (5th Cir.1992), cert. denied, — U.S. -, 113 S.Ct. 1812, 123 L.Ed.2d 444 (1993). Collins was sentenced to serve 6 years and 10 months imprisonment, followed by 2 years supervised release.
Despite the fact that he was incarcerated on December 11, 1991, Collins did not resign his federal judgeship until August of 1993, several months after the United States Supreme Court’s denial of his application for certiorari exhausted his appellate remedies. At that point, the jurisdiction of the Disciplinary Board of the Louisiana State Bar Association attached, and Collins became amenable to the disciplinary process. See Rule XIX, § 6(C), Supreme Court Rules (“[f]ull-time incumbent judges shall not be subject to the jurisdiction of the agency”).[1] In accordance with Rule XIX, § 19(C), on September 16,1993, this Court, given Collins’ conviction, ordered that he be placed on an interim suspension until his appellate remedies were exhausted and his conviction final.
On September 30, 1993, the Disciplinary Counsel filed formal charges against Collins. These charges recited the counts of |2Collins’ federal conviction, and alleged that Collins’ actions constituted a violation of Rules 3.5 and 8.4(b)-(e) of the Rules of Professional Conduct.[2] The Disciplinary Counsel also noted that Collins’ conduct adversely reflected upon his “moral fitness to practice *1132 law” under Rule XIX, § 19(B), Supreme Court Rules, and requested “the imposition of appropriate sanctions in accordance with La.S.Ct. Rule XIX.”
Collins responded, requesting a hearing, and Hearing Committee No. 13 was designated to hear the matter on January 14, 1990. That hearing was continued by unopposed motion of Collins, and on March 23, 1994, Collins responded to the charges by filing a Motion for Discipline by Consent in which he admitted his criminal convictions and requested disbarment, with the effective date of that disbarment to be determined at a later time. On March 24, 1994, The Disciplinary Counsel filed a concurrence in the Consent Motion, agreeing that disbarment was an appropriate remedy but arguing that the effective date of disbarment should be September 16, 1993, the date on which this Court entered the order of interim suspension pending the resolution of Collins’ appeal.
Hearing Committee No. 13 issued a decision on April 7, 1994. The Committee began by noting that “Robert F. Collins was a United States District Judge and, as such, owed virtually a fiduciary duty to the law and the legal system which he was sworn and obligated to |3support, uphold and protect.” Given this, “[t]here is no mitigation which could reduce the egregious nature of respondent’s acts to a point at which discipline less than the baseline, that is, disbarment, would be warranted.” Regarding the effective date of disbarment, the Committee found that “[t]he disciplinary system was powerless to act against respondent until his resignation in August, 1993 and his disbarment cannot reasonably antedate this act.”
Based upon these observations, the Committee recommended to the Board that the petition for Consent Discipline be approved and that this Court order disbarment of Collins, effective as of September 16, 1993.[3] The matter was submitted to the Disciplinary Board on May 27, 1994, which considered briefs and oral argument by both Disciplinary Counsel and Collins’ attorney.
On August 31,1994, the Disciplinary Board rendered its recommendation. It began by stating that “Disciplinary Counsel has proved by clear and convincing evidence and Respondent admits that he has been convicted of a serious crime and has violated the Rules of Professional Conduct as alleged in the formal charges.” The Board agreed that disbarment was the proper sanction in this case, adding that “[o]ne can hardly think of conduct more contemptible than that of a judge accepting bribes and obstructing the judicial process.” The Board also agreed with the Hearing Committee that the disbarment should be effective as of the date of interim suspension, September 16, 1993.[4]
|4Thus, the Disciplinary Board has made the following recommendation to this Court:
Therefore, the Disciplinary Board recommends that the petition for consent discipline be accepted and that Robert F. Collins be disbarred and his license to practice law revoked, effective September 16, 1993. The Board recommends further that all costs of these proceedings should be assessed against Respondent pursuant to Rule XIX, Section 10(A)(7).
Robert Collins was served with notice of this recommendation and its filing with this Court on September 3, 1994, and has not filed any objection or other documents in opposition with this Court.
Based upon the record before us, and in conformity with Rule XIX, §§ 19(E) and 20, we hereby adopt the recommendation of the Disciplinary Board. Pursuant to Rule XIX, *1133 § 10(A)(7), we hereby order Robert Collins disbarred and his license to practice law revoked, effective September 16, 1993, and further order all costs of these proceedings assessed against him.
DISBARMENT ORDERED.
JOHNSON, J., not on panel.

. See also Rule XIX, § 6(B), Supreme Court Rules (“[a] former judge who has resumed the status of a lawyer is subject to the jurisdiction of the board not only for conduct as a lawyer but also for misconduct that occurred while the lawyer was a judge and would have been grounds for lawyer discipline").

. RULE 3.5 IMPARTIALITY AND DECORUM OF THE TRIBUNAL
A lawyer shall not:
(a) Seek to influence a judge, juror, prospective juror or other official by means prohibited by law;
(b) Communicate ex parte with such a person except as permitted by law; or
(c)Engage in conduct intended to disrupt a tribunal.
RULE 8.4. MISCONDUCT
It is professional misconduct for a lawyer to:
[[Image here]]
(b) Commit a criminal act especially one that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
(c) Engage in conduct involving dishonesty, fraud, deceit or misrepresentation;
(d) Engage in conduct that is prejudicial to the administration of justice;
(e) State or imply an ability to influence improperly a judge, judicial officer, governmental agency or official.

. The Committee also recommended that should Collins object to the date of imposition of discipline, then the petition for Consent Discipline should be rejected and the matter proceed to a hearing. However, we reject this recommendation since the costs of such a proceeding are not warranted in this matter. The record developed at Collins’ criminal trial, at which Collins enjoyed the rights of confrontation and compulsory process, provide a sufficient basis for this Court to make a determination in this matter.

. The Board was assisted in this decision by Rule XIX, § 24(A), quoted in the brief of the Disciplinary Counsel:
A lawyer who has been placed on interim suspension and is then disbarred for the same misconduct that was the ground for the interim suspension may petition for readmission at the expiration of five years from the time of the effective date of the interim suspension.