*817 DISCIPLINARY PROCEEDINGS
JiPER CURIAM.*
Respondent was charged in a disciplinary proceeding with two counts of misconduct, based on his commingling and conversion of settlement proceeds, and his neglect of a legal matter, in violation of Rules 1.2(a), 1.3, 1.4, 1.15, 1.16(d) and 8.4(a)(c)(d) of the Rules of Professional Conduct. The charges arose from respondent’s representation of a client in connection with the death of her husband, who died after suffering a head injury at a restaurant. Respondent filed a wrongful death suit on behalf of the client and her minor children against the restaurant and its insurers. Respondent also assumed representation of the client in connection with a suit for life insurance proceeds filed by another attorney on her behalf.
After discovery, the defendants in the wrongful death suit tendered a $25,000 settlement check to respondent on behalf of his client. The client endorsed the check at respondent’s office. However, after returning home, she called respondent and informed him she changed her mind and wanted to reject the $25,000 settlement offer. Nonetheless, respondent deposited the check into his trust account and disbursed a legal fee in the amount of $8,333.33. Respondent never reimbursed the settlement proceeds to the defendants, and the balance in his trust account eventually dropped to zero. The defendants filed a contradictory motion to dismiss the wrongful death suit based on the settlement, and the suit was ultimately dismissed. Respondent did not inform his client of this fact, and she did not learn of the dismissal until two years later when she checked the records in the clerk of court’s office. Additionally, respondent faded to take any action on his client’s behalf in a related suit for life insurance proceeds, resulting in that suit being dismissed on the grounds of abandonment.
In a consolidated disciplinary proceeding, respondent was charged with one count of misconduct pursuant to Supreme Court Rule XIX, § 19, based on his conviction of a serious |2crime. The disciplinary counsel alleged that respondent entered a plea of guilty in the United States District Court for the Middle District of Louisiana to the charge of aiding and abetting mail fraud in violation of 18 U.S.C. § 1341 and 1342.
On June 15, 1995, this court entered an order of interim suspension, suspending respondent from the practice of law until further orders of the court. Respondent subsequently filed a petition for consent discipline, seeking to obtain discipline in the form of disbarment. The disciplinary counsel concurred in the petition for consent discipline, and both the hearing committee and the disciplinary board have recommended disbarment as the appropriate sanction.
Upon review of the record of the disciplinary board’s findings and recommendations, and the record filed herein, it is the decision of the court that the disciplinary board’s recommendations be adopted.
Accordingly, it is ordered that the name of Johnny C. Moore be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked, retroactive to the date of the interim suspension entered by this court on June 15, 1995. All costs of this proceeding are assessed to respondent.

 Victory, J. not on panel. Rule IV, Part 2, § 3.