ATTORNEY DISCIPLINARY PROCEEDINGS ■
| iPER CURIAM. *
This matter arises from a petition for consent discipline filed by respondent, Walter L. Sentenn, Jr.
*869 UNDERLYING FACTS
The underlying facts are not in dispute. Respondent was convicted in the United States District Court for the Eastern District of Louisiana of conspiracy to commit mail fraud, in violation of 18 U.S.C. § 371, and mail fraud, in violation of 18 U.S.C. § 1341. He was sentenced to forty-five months in prison, and ordered to pay $100,000 in restitution to the Louisiana Insurance Guaranty Association. Upon release from prison, he was placed on three years supervised probation.
DISCIPLINARY PROCEEDINGS
After respondent was convicted, the Office of Disciplinary Counsel (“ODC”) filed a motion seeking to place respondent on interim suspension pursuant to Supreme Court Rule XIX, § 19. This court granted the motion on June 20, 1996. In re: Sentenn, 96-0336 (La.6/20/96), 675 So.2d 1060.
On July 9,1996, the ODC instituted formal charges against respondent, alleging he violated Rule 8.4 of the Rules of Professional Conduct[1] by committing a criminal act reflecting adversely on his honesty, trustworthiness or fitness as a lawyer. Respondent filed an answer to the formal charges.
hPrior to the formal hearing, respondent filed a petition for consent discipline, admitting to the formal charges and seeking disbarment, retroactive to the date of his interim suspension. The ODC concurred in the petition for consent discipline. Both the hearing committee and disciplinary board recommended the consent discipline be accepted and respondent be disbarred from the practice of law, effective from the date of his June 20,1996 interim suspension.
Neither respondent nor the ODC have filed objections in this court to the disciplinary board’s recommendation.
DISCUSSION
While the record does not disclose the underlying facts of respondent’s conviction, it is undisputed that he was convicted by the federal court of mail fraud and conspiracy to commit mail fraud, criminal acts which clearly reflect on his honesty, trustworthiness and fitness as a lawyer. This court has disbarred attorneys who have been convicted of similar crimes. See In re: Schneider, 97-2457 (La.1/30/98), 707 So.2d 38; In re: Moore, 96-2947 (La.1/10/97), 686 So.2d 816; In re: Naccari, 97-1546 (La.12/19/97), 705 So.2d 734.
Accordingly, we accept the proposed consent discipline and disbar respondent, retroactive to the date of his interim suspension.[2]
DECREE
Upon review of the petition for consent discipline, the recommendations of the hearing committee and disciplinary board, and considering the record, it is the decision of the court that the name of Walter L. Sen-tenn, Jr. be stricken from the bar rolls and that his license to practice law in the State of Louisiana be revoked, retroactive to the date of his June 20, 1996 interim suspension. Pursuant to Supreme Court Rule XIX, § 10.1, all costs and expenses in this matter are assessed against respondent, with legal interest to commence thirty days from the date of the finality of this court’s judgment until paid.

 Calogero, C.J. not on panel. Rule IV, Part II, § 3.

. Rule 8.4(b) provides:
It is professional misconduct for a lawyer to: (B) Commit a criminal act especially one that reflects adversely on the lawyer’s honesty, trustworthiness or fitness as a lawyer in other respects....

. Supreme Court Rule XIX, § 24(A) provides in pertinent part:
No lawyer may petition for admission until five years after the effective date of disbarment. A lawyer who has been placed on interim suspension and is then disbarred for the same misconduct that was the ground for the interim suspension may petition for readmission at the expiration of five years from the effective date of the interim suspension.