ATTORNEY DISCIPLINARY PROCEEDINGS
hPER CURIAM.*
This disciplinary matter arises from a petition for consent disbarment filed by respondent, James L. Adams, an attorney licensed to practice law in the State of Louisiana, but currently on interim suspension.
UNDERLYING FACTS
On March 3, 1999, following a jury trial in the United States District Court for the Eastern District of Louisiana, respondent was convicted of conspiracy to commit mail fraud, wire fraud, and money laundering, in violation of 18 U.S.C. § 371. Respondent was subsequently sentenced to serve fifty months in prison.[1]
*618 DISCIPLINARY PROCEEDINGS
After respondent was convicted, the Office of Disciplinary Counsel (“ODC”) filed a motion seeking to place respondent on interim suspension pursuant to Supreme Court Rule XIX, § 19. This court granted the motion on June 16, 1999. In re: Adams, 99-1012 (La.6/16/99), 735 So.2d 628.
| ¡/Thereafter, the ODC filed one count of formal charges against respondent arising out of his conviction of a serious crime. Respondent answered the formal charges and admitted his conviction, but requested a hearing in mitigation.
Prior to a formal hearing, respondent filed a petition for consent discipline and sought the imposition of disbarment. The ODC concurred in respondent’s petition.

Disciplinary Board Recommendation

In its report, the disciplinary board found that respondent violated a duty owed to the public, the legal system, and the profession. The board concluded that respondent’s conduct was knowing and intentional and in violation of Rule 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer) of the Rules of Professional Conduct. Relying on jurisprudence from this court,[2] the board concluded that disbarment is appropriate to address respondent’s misconduct.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
DISCUSSION
The record clearly establishes that respondent was convicted of a criminal act reflecting upon his honesty, trustworthiness, and fitness as a lawyer. Under these circumstances, disbarment is an appropriate sanction. Accordingly, we will accept the petition for consent discipline and order that respondent be disbarred from the practice of law, effective the date of his interim suspension.
I ¡¡DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of James L. Adams be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked, retroactive to the date of his interim suspension. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.

 Lemmon, L, not on panel, recused. Rule IV, Part II, § 3.

. The facts underlying respondent's conviction, as set forth in a fifty-page indictment introduced into the record of this disciplinary ' proceeding, are extremely complex. In short, respondent assisted others in defrauding and attémpting to conceal the defrauding of two insurance companies.

. The board cited In re: Sentenn, 98-3019 (La.1/29/99), 730 So.2d 868, which involved an attorney’s conviction of a federal crime similar to that at issue here.