ATTORNEY DISCIPLINARY PROCEEDINGS
|.PER CURIAM
This disciplinary matter arises from a petition for consent discipline filed by respondent, Richard James Mithun, an attorney licensed to practice law in the State of Louisiana but currently suspended,[1] following the institution of formal charges by *427 the Office of Disciplinary Counsel (“ODC”). The ODC concurred in respondent’s petition, and the disciplinary board recommended the proposed consent discipline be accepted.
UNDERLYING FACTS
In 1998, Rene Decay retained respondent to represent him in connection with criminal charges then pending against Mr. Decay in Jefferson Parish. In June 1998, in an attempt to influence the outcome of the case, respondent delivered $49,135 in cash to a Jefferson Parish assistant district attorney.
On September 18, 1998, respondent was charged in a two-count bill of information with conspiracy to commit public bribery, a violation of La. R.S. 14:26,[2] Land public bribery, a violation of La. R.S. 14:118.[3] On January 12, 1999, respondent pleaded guilty as charged. After a pre-sentence investigation was completed, respondent was sentenced to concurrent terms of imprisonment at hard labor for two and one-half years on count one, with six months of the sentence suspended, and five years on count two, with three years of the sentence suspended.
DISCIPLINARY PROCEEDINGS

Formal Charges

On October 14, 1999, the ODC filed two counts of formal charges against respondent, alleging that his conviction constituted a violation of Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (engaging in conduct prejudicial to the- administration of justice) of the Rules of Professional Conduct. Respondent answered the formal charges and requested a hearing in mitigation.
Prior to a formal hearing in the matter, respondent filed a petition for consent discipline, admitting that he has been convicted of a serious crime as defined by | ¡¡Supreme Court Rule XIX, § 19(B)[4] and proposing the imposition of disbarment. The ODC concurred in the petition.

Disciplinary Board Recommendation

The disciplinary board found that respondent breached duties owed to the public, the legal system, and the profession, and that respondent’s actions reflect adversely on his fitness to practice law. The board noted that there are no aggravating or mitigating factors set forth in the petition for consent discipline. Nonetheless, considering the ABA’s Standards for Imposing Lawyer Sanctions[5] and the prior *428 jurisprudence,[6] the board found the proposed sanction is appropriate.
Accordingly, the board recommended the court accept the petition for consent discipline and disbar respondent from the practice of law. The board further recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
Neither respondent nor the ODC objected to the disciplinary board’s recommendation.
^DISCUSSION
Respondent was convicted of public bribery and conspiracy to commit public bribery. These crimes clearly reflect on respondent’s moral fitness to practice law, and are therefore serious crimes for purposes of Supreme Court Rule XIX, § 19(B).
In determining the appropriate sanction for respondent’s misconduct, we are mindful that the purpose of lawyer disciplinary proceedings is not primarily to punish the lawyer, but rather to maintain appropriate standards of professional conduct to safeguard the public, to preserve the integrity of the legal profession, and to deter other lawyers from engaging in violations of the standards of the profession. Louisiana State Bar Ass’n v. Guidry, 571 So.2d 161 (La.1990).
Respondent’s misconduct in this case— attempting to bribe an assistant district attorney in order to influence the outcome of a case — strikes at the very heart of the integrity of the legal profession. See In re: Hingle, 98-0774 (La.9/18/98), 717 So.2d 636. This court has imposed disbarment in similar cases where the respondent was convicted of bribery. In re: Collins, 94-2251 (La.11/18/94), 645 So.2d 1131; Louisiana State Bar Ass’n v. Pitard, 462 So.2d 178 (La.1985). Accordingly, we will accept the petition for consent discipline and disbar respondent from the practice of law in Louisiana.
DECREE
Upon review of the findings and recommendation of the disciplinary board, and considering the record filed herein, it is ordered that the name of Richard James Mithun be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal | interest to commence thirty days from the date of finality of this court’s judgment until paid.

. On December 16, 1998, this court ordered that respondent be placed on interim suspension pursuant to a joint motion filed by re *427 spondent and the ODC. In re: Mithun, 98-3046 (La.12/16/98), 737 So.2d 1.

. La. R.S. 14:26 provides, in pertinent part:
A. Criminal conspiracy is the agreement or combination of two or more persons for the specific purpose of committing any crime; provided that an agreement or combination to commit a crime shall not amount to a criminal conspiracy unless, in addition to such agreement or combination, one or more of such parties does an act in furtherance of the object of the agreement or combination.

. La. R.S. 14:118 provides, in pertinent part:
(1) Public bribery is the giving or offering to give, directly or indirectly, anything of apparent present or prospective value to any of the following persons, with the intent to influence his conduct in relation to his position, employment, or duty:
(a) Public officer, public employee, or person in a position of public authority.

. Supreme Court Rule XIX, § 19(B) defines a serious crime as "a felony or any other crime, the necessary element of which as determined by the statute defining such crime, reflects upon the attorney’s moral fitness to practice law.”

. Standard 5.11 suggests that disbarment is generally appropriate when (a) a lawyer engages in serious criminal conduct, a necessary element of which includes intentional interference with the administration of justice, or (b) a lawyer engages in any other intentional conduct involving dishonesty, fraud, deceit, or misrepresentation that seri *428 ously adversely reflects on the lawyer's fitness to practice.

. The board cited In re: Sentenn, 98-3019 (La. 1/29/99), 730 So.2d 868 (conviction of mail fraud and conspiracy to commit mail fraud), and In re: King, 94-0686 (La. 11/30/94), 646 So.2d 326 (aiding and abetting mail fraud), as controlling.