856 So.2d 1167 (2003)
In re Gerald A. ROME.
Nos. 2001-B-2942, 2003-B-0744.
Supreme Court of Louisiana.
September 26, 2003.

ATTORNEY DISCIPLINARY PROCEEDINGS
PER CURIAM.
These consolidated disciplinary matters arise from two sets of formal charges filed by the Office of Disciplinary Counsel ("ODC") against respondent, Gerald A. Rome, an attorney licensed to practice law in the State of Louisiana, but currently on interim suspension. For the reasons assigned, we now permanently disbar respondent.

UNDERLYING FACTS AND PROCEDURAL HISTORY

01-B-2942

Facts
On January 6, 1999, respondent entered a guilty plea to the offense of driving while intoxicated, a violation of La. R.S. 14:98. During the course of the ODC's disciplinary investigation into the matter, respondent promised that he would "become actively involved with the Lawyers Assistance Program, sign a contract of sobriety with them and honor the terms of the contract." Relying on these representations, the ODC recommended an admonition be imposed in the disciplinary matter. On October 21, 1999, the disciplinary board rendered an order in 99-ADB-062 *1168 admonishing respondent for his violation of Rule 8.4(b) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer) of the Louisiana Rules of Professional Conduct, and requiring him to pay $343 as the costs of the proceedings. Respondent subsequently failed to enroll in LAP, and he failed to pay the outstanding disciplinary costs assessed to him.

Formal Charges
The ODC filed one count of formal charges against respondent, alleging his conduct violated the following Rules of Professional Conduct: Rules 3.3(a)(1) (making a false statement of material fact or law to a tribunal), 3.4(c) (knowing disobedience of an obligation under the rules of a tribunal), 4.1(a) (making a false statement of material fact or law to a third person), 8.1(a) (making a false statement of material fact in connection with a disciplinary matter), 8.1(c) (failure to cooperate with the ODC in its investigation), 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b), 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation), 8.4(d) (engaging in conduct prejudicial to the administration of justice), and 8.4(g) (failure to cooperate with the ODC in its investigation).
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.

Recommendation of the Hearing Committee
Based on the deemed admitted facts and the documentary evidence, the hearing committee determined that the ODC had proven by clear and convincing evidence violations of Rules 8.1(a), 8.1(c), 8.4(a), 8.4(c), 8.4(d), and 8.4(g). However, the committee found no violations of Rules 3.3(a)(1) or 3.4(c), reasoning that these provisions require the involvement of a tribunal and respondent's statements and representations to the ODC did not qualify. The committee also found no violation of Rule 4.1(a) because respondent's actions did not occur in the course of a client representation. Finally, the committee concluded that because respondent had already been disciplined for his criminal misconduct (i.e., the imposition of the admonition in his previous disciplinary proceeding), no violation of Rule 8.4(b) occurred in this case.
In addressing the issue of sanctions, the hearing committee recognized respondent's conduct violated duties owed to the legal system and the legal profession. It noted the presence of a prior disciplinary offense as an aggravating factor.[1] Based on these considerations, the hearing committee recommended that respondent be suspended from the practice of law for one year and one day, to be fully deferred upon respondent's compliance with certain conditions.

Recommendation of the Disciplinary Board
The disciplinary board concluded the hearing committee's findings of fact were not manifestly erroneous. Applying the Rules of Professional Conduct, the board determined the formal charges were proven *1169 by clear and convincing evidence, with the exception of Rules 3.3(a)(1), 4.1(a), 8.1(a), 8.4(b), and 8.4(c). The board concluded that respondent's failure to abide by the conditions of the prior admonition did not necessarily establish that respondent knowingly made false statements or engaged in dishonest conduct. Furthermore, the board agreed with the hearing committee that respondent did not violate Rule 8.4(b) because he had already been sanctioned for the DWI conviction.
The board noted respondent violated duties owed to the legal system and as a professional. It determined his knowing, if not intentional, misconduct demonstrated his lack of respect for the disciplinary system and the disciplinary board. The board found respondent's actions damaged the reputation of the profession, and wasted the disciplinary system's time and resources to obtain meaningless promises.
The board found no mitigating factors are present, and recognized respondent's prior disciplinary record and failure to cooperate as aggravating factors. Relying on the ABA's Standards for Imposing Lawyer Sanctions and the prior jurisprudence of this court, the board recommended that respondent be suspended from the practice of law for six months. However, it proposed the suspension be fully deferred if respondent enrolled in and completed the LAP and paid the prior disciplinary assessment within 30 days of the final judgment. It further proposed respondent be assessed with the costs and expenses of the instant proceedings.
The ODC filed an objection in this court to the disciplinary board's recommendation. Accordingly, the matter was docketed for briefing and argument in accordance with Supreme Court Rule XIX, § 11(G)(1)(b). However, as explained in more detail later in this opinion, the ODC ultimately withdrew its objection.

03-B-0744

Facts
On February 14, 2002, shortly before oral argument was to take place in 01-B2942, respondent entered a plea of guilty in the 29th Judicial District Court for the Parish of St. Charles to one count of malfeasance in office, a felony, in violation of La. R.S. 14:134(2). The criminal offense was committed while respondent was employed as an Assistant District Attorney for St. Charles Parish, and involved the conversion of funds he received from the public for payment of traffic fines. The investigation of the matter revealed that as part of his regular duties with the District Attorney's Office, respondent would often act as the "duty assistant," responding to inquiries from members of the public concerning notices to appear in court, traffic citations, and the like. During respondent's employment, there was at all times an office policy in effect prohibiting Assistant District Attorneys from accepting payments from offenders in connection with any offense, and a policy that no payments for traffic fines or court costs were to be made to the District Attorney's Office.[2] Nevertheless, on six to eight occasions,[3] respondent accepted cash from individuals in payment of outstanding traffic fines and/or court costs. Respondent kept these funds for himself, totaling approximately $3,000, and did not remit the payments to the appropriate authority.
*1170 For his crime, respondent was sentenced to serve three years in prison, suspended, and placed on three years active probation. He was fined $5,000 and ordered to make restitution of $3,000; however, the fine and restitution were converted to 100 weeks of community service at the rate of one eight-hour day per week. Respondent was also ordered to satisfactorily complete treatment for substance abuse and addictive disorders; was ordered to refrain from consuming alcohol and to avoid any gambling venues; to attend Gamblers Anonymous for one year; and to attend family/group therapy.
Following the guilty plea, respondent and the ODC filed a joint motion for interim suspension, which we granted on February 20, 2002. In re: Rome, 02-0551 (La.2/20/02), 811 So.2d 874. Meanwhile, we deferred action on 01-B-2942 pending further proceedings against respondent.

Formal Charges
After investigation, the ODC filed one count of formal charges against respondent arising out of his conviction. The ODC alleged that respondent's conduct violated numerous provisions of the Louisiana Rules of Professional Conduct, including Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act reflecting adversely on the lawyer's honesty, trustworthiness, or fitness as a lawyer), 8.4(c) (conduct involving dishonesty, fraud, deceit, or misrepresentation), and 8.4(d) (conduct prejudicial to the administration of justice).[4]
Respondent failed to answer or otherwise reply to the formal charges. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee's consideration.
In its submission, the ODC argued that respondent was a corrupt assistant district attorney whose conduct struck at the heart of the criminal justice system, causing injury to the State of Louisiana, the public, the legal system, and the profession. The *1171 ODC suggested disbarment is the baseline sanction for respondent's misconduct, pursuant to the ABA's Standards for Imposing Lawyer Sanctions. The ODC pointed out that several aggravating factors are present in this case, including dishonest or selfish motive, pattern of misconduct, multiple offenses, vulnerability of the victim, substantial experience in the practice of law (admitted 1991), indifference to making court-ordered restitution, and illegal conduct. In mitigation, the ODC suggested respondent's chemical dependency may be an applicable factor, as well as the imposition of other penalties or sanctions and respondent's expression of remorse during sentencing in the criminal case. Notwithstanding the mitigating factors, the ODC concluded there is no reason to deviate below the baseline sanction of disbarment, and urged the committee to consider permanent disbarment.

Recommendation of the Hearing Committee
The hearing committee found the factual allegations of the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3). The committee also generally agreed that respondent violated the Rules of Professional Conduct as charged. The committee adopted the aggravating factors cited by the ODC, with the exception of indifference to making restitution. In mitigation, the committee recognized the imposition of other penalties or sanctions and respondent's expression of remorse for his misconduct. Based on all these factors, the committee recommended that respondent be disbarred.
The ODC filed an objection to the hearing committee's failure to recommend permanent disbarment.

Recommendation of the Disciplinary Board
After reviewing this matter, the disciplinary board found the formal charges were deemed admitted and proven by clear and convincing evidence pursuant to Rule XIX, § 11(E)(3). The board also generally agreed that respondent violated the Rules of Professional Conduct as charged. The board determined respondent violated duties owed to his client, to the legal system, to the public, and as a professional. The board further determined that respondent's conduct was intentional and caused actual harm. The baseline sanction for this conduct is disbarment.
The board concurred in the aggravating and mitigating factors cited by the committee, and recognized the additional aggravating factor of prior discipline.
In light of these considerations, the ABA's Standards for Imposing Lawyer Sanctions, and the prior jurisprudence, the board concluded that permanent disbarment is appropriate. The board also recommended that respondent be assessed with all costs and expenses of these proceedings, with legal interest to commence running thirty days from the date of finality of the court's judgment until paid.
Neither respondent nor the ODC filed an objection to the disciplinary board's recommendation. Additionally, the ODC filed a motion to withdraw its objection in 01-B-2942 and to consolidate the two matters.

DISCUSSION
Although respondent's actions in 01-B-2942 are troubling, it is clear the most serious charges are those in 03-B0744 arising from his conviction of malfeasance in office while he was an assistant district attorney. When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole *1172 issue presented is whether respondent's crimes warrant discipline and, if so, the extent thereof. Supreme Court Rule XIX, § 19(E); In re: Boudreau, 02-0007 (La.4/12/02), 815 So.2d 76; Louisiana State Bar Ass'n v. Wilkinson, 562 So.2d 902 (La.1990). The discipline to be imposed depends on the seriousness of the offense and the extent of the aggravating and mitigating circumstances. Louisiana State Bar Ass'n v. Perez, 550 So.2d 188 (La.1989).
Clearly, malfeasance in office while serving as an assistant district attorney is among the most serious misconduct an attorney can commit. It requires no citation of authority to conclude the baseline sanction for such misconduct is unquestionably disbarment. While we accept the mitigating factors found by the hearing committee, we find these mitigating factors are insufficient to justify any lesser sanction. Thus, the sole remaining question is whether respondent's conduct is so egregious that he should be permanently prohibited from seeking readmission to the practice of law.
In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct we might consider worthy of permanent disbarment. In Guideline 7, we referred to an attorney's "malfeasance in office which results in a felony conviction, and which involves fraud."
The undisputed facts demonstrate respondent's conduct falls within the scope of this guideline. While employed by the State of Louisiana as an assistant district attorney, respondent received funds from members of the public in payment of traffic fines and court costs (conduct which itself violated the policies of the St. Charles Parish District Attorney's Office) and then intentionally converted these funds to his own use. In addition to constituting malfeasance in office, respondent's actions involved fraud.
We do not lightly impose the sanction of permanent disbarment. In re: Morphis, 01-2803 (La.12/4/02), 831 So.2d 934. Nonetheless, we are firmly convinced that we would be remiss in our constitutional duty to regulate the practice of law if we did not impose that sanction here. This court cannot and will not tolerate such conduct by an attorney, particularly one who occupies a position of public trust. Respondent's actions convincingly demonstrate he does not possess the requisite moral fitness to practice law in this state. He must be permanently disbarred.
Accordingly, we will accept the disciplinary board's recommendation and impose permanent disbarment.

DECREE
Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Gerald Anthony Rome, Louisiana Bar Roll number 20601, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court's judgment until paid.
NOTES
[1] In addition to the admonition arising from his DWI conviction, respondent was admonished in 1997 for failing to cooperate with the ODC in a disciplinary investigation (97-ADB040).
[2] Such payments were required to be made at the Bonds and Fines Department of the St. Charles Parish Sheriff's Office.
[3] The bill of information filed against respondent charges that the offense occurred during the period January 1, 2001 through April 19, 2001.
[4] The formal charges allege that respondent's conduct resulting in the criminal conviction violated Rules 8.4(a)-(d) of the Rules of Professional Conduct, as well as the following additional provisions: Rules 1.2(a) (scope of the representation) (because respondent "exceeded his client's authority as to his responsibilities and objectives in representing his client, the State of Louisiana"); 1.3 (failure to act with reasonable diligence and promptness in representing a client)(because respondent failed to promptly turn over the funds he received in payment of traffic fines); 1.8(b) (prohibited transactions between a lawyer and client) (when respondent received funds in payment of traffic fines, "he obtained information involving his client's interest, and without his client's consent used that information to the disadvantage of his client"); 1.15 (safekeeping property of a client or third person) (because respondent failed to promptly turn over the funds he received in payment of traffic fines); 4.1(a) (making a false statement of material fact or law to a third person) (because respondent accepted funds from members of the public for the purpose of paying fines, when he "fully intended to pocket that money for his own use"); 4.1(b) (failing to disclose a material fact to a third person) (because respondent failed to disclose that he was not the proper individual to accept payment of traffic fines); and 4.3 (dealing with unrepresented persons) (because respondent received funds from members of the public in payment of traffic fines, leading those persons "to believe that this would constitute payment of the fine"). We find this represents gross "overcharging" on the part of the ODC, given that the "heartland" of respondent's misconduct is his conviction of the criminal offense of malfeasance in office.