| ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Scott Eason Meece, an attorney licensed to practice law in Louisiana but currently on interim suspension for threat of harm to the public.
 
 In re: Meece,
 
 07-0913 (La.5/9/07), 956 So.2d 574.
 

 UNDERLYING FACTS
 

 In April 2007, respondent was arrested by federal authorities and charged with robbing the Trustmark National Bank in Wesson, Mississippi.
 
 [1]
 
 In October 2007, respondent pled guilty in the United States District Court for the Southern District of Mississippi to one count of armed bank robbery and one count of brandishing a firearm during a crime of violence. In February 2008, respondent was sentenced to serve a total of 121 months in federal prison. He was also ordered to pay $37,600 in restitution to Trustmark National Bank.
 
 [2]
 

 1 .¿DISCIPLINARY PROCEEDINGS
 

 In November 2007, the ODC filed one count of formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s
 
 *752
 
 honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
 

 Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the committee’s consideration.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee made the following factual findings:
 

 On March 27, 2007, respondent robbed the Trustmark National Bank by force, taking $37,600. On April 19, 2007, respondent was taken into custody, and a two-count bill of information was filed with the clerk of court of the United States District Court for the Southern District of Mississippi on May 18, 2007. Respondent was charged with robbing a bank using a dangerous weapon and using a handgun during and in relation to a crime. On October 30, 2007, respondent pled guilty to both counts, and on February 20, 2008, he was sentenced to 121 months in prison and ordered to pay $37,600 in restitution. On May 9, 2007, this court placed respondent | ;-.on interim suspension. Thereafter, respondent informed the ODC he would be willing to voluntarily surrender his law license. However, he never did so despite the fact that the ODC provided him with the appropriate paperwork to perform such a surrender.
 

 The committee also determined that the allegations against respondent have been deemed admitted and proven. Thus, the committee found that respondent violated the Rules of Professional Conduct as alleged in the formal charges. The committee also determined that respondent intentionally violated a duty owed to the public. He caused harm and potentially could have caused greater harm had someone been hurt or killed during his commission of the armed bank robbery. Citing the ABA’s
 
 Standards for Imposing Lawyer Sanctions,
 
 the committee determined that the baseline sanction is disbarment.
 

 The committee recognized the aggravating factors of a dishonest or selfish motive, a pattern of misconduct, and multiple offenses. The only mitigating factor the committee found was the absence of a prior disciplinary record.
 

 The committee further determined that Guideline 5 (conviction of a felony involving physical coercion or substantial damage to person or property including, but not limited to, armed robbery, arson, or kidnapping) of the permanent disbarment guidelines set forth in Supreme Court Rule XIX, Appendix E is applicable. Accordingly, the committee recommended that respondent be permanently disbarred.
 

 Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 14Disciplinary Board Recommendation
 

 After review, the disciplinary board determined that the hearing committee’s factual findings do not appear to be manifestly erroneous. Furthermore, the board determined that the committee properly applied the Rules of Professional Conduct.
 

 Based on these findings, the board determined that respondent intentionally violated a duty owed to the public. He caused serious actual injury to the property of others and endangered the lives of
 
 *753
 
 those around Mm. The board agreed with the committee that the baseline sanction is disbarment.
 

 As aggravating factors, the board found a dishonest or selfish motive and vulnerability of the victim. The board rejected the committee’s finding of the aggravating factors of a pattern of misconduct and multiple offenses, reasoning that although “the record suggests that Respondent robbed other banks, the charges and the record in the present matter only concern the incident that occurred on March 27, 2007.” The board agreed with the committee that the only mitigating factor is the absence of a prior disciplinary record.
 

 The board also agreed with the committee’s finding that respondent’s conduct falls within the scope of Guideline 5 of the permanent disbarment guidelines. In further support of permanent disbarment, the board cited the case of
 
 In re: Stephens,
 
 07-0180 (La.4/27/07), 955 So.2d 140, wherein an attorney was permanently disbarred for, among other things, his conviction of armed robbery of a bank.
 

 Accordingly, the board recommended that respondent be permanently disbarred.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 ^DISCUSSION
 

 Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E);
 
 In re: Boudreau,
 
 02-0007 (La.4/12/02), 815 So.2d 76;
 
 Louisiana State Bar Ass’n v. Wilkinson,
 
 562 So.2d 902 (La.1990). The discipline to be imposed depends on the seriousness of the offense and the extent of the aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Perez,
 
 550 So.2d 188 (La.1989).
 

 In the instant case, respondent pled guilty to armed bank robbery and brandishing a firearm during a crime of violence. These crimes are felonies under federal law and clearly warrant serious discipline. The only issue to be resolved by this court is the appropriate sanction for respondent’s misconduct.
 

 The documentary evidence submitted by the ODC in this case demonstrates that respondent intentionally placed others in harm’s way for his own selfish motives. He brandished a handgun during a bank robbery and thereby placed bank employees, customers, and others in grave danger. Under these circumstances, disbarment is clearly appropriate. However, in their respective reports, the hearing committee and the disciplinary board have concluded that respondent’s offenses are so egregious that he should be permanently prohibited from applying for readmission to the bar.
 

 We agree. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might result in permanent disbarment. Respondent’s conduct falls squarely within the scope of Guideline 5 (conviction of a felony involving physical coercion or substantial damage to person or property, | (¡including but not limited to armed robbery, arson, or kidnapping). We would be remiss in our constitutional duty to regulate the practice of law if we did not impose that sanction here.
 

 Accordingly, we will accept the disciplinary board’s recommendation and impose permanent disbarment.
 

 
 *754
 
 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Scott Eason Meece, Louisiana Bar Roll number 29627, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 [1]
 

 . On March 27, 2007, respondent entered the bank and requested to open a new account and rent a safety deposit box. After respondent waited a few moments for assistance, a bank employee took him into the vault to see the safety deposit boxes. Once in the vault, respondent revealed a handgun in a holster under his suit jacket and ordered the employee to open the bank’s safe. He then removed the currency from the safe and fled the bank.
 

 [2]
 

 . Newspaper articles in the record indicate that respondent has confessed to committing "a string of bank robberies” in Alabama and elsewhere in Mississippi. Nevertheless, the formal charges pertain only to respondent's conviction arising out of the March 27, 2007 robbery of the Trustmark National Bank in Wesson, Mississippi.