*748
 
 | ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 This disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, John Joseph Arbour, an attorney licensed to practice law in Louisiana but currently suspended.
 

 PRIOR DISCIPLINARY HISTORY
 

 Before we address the current charges, we find it helpful to review respondent’s prior disciplinary history. Respondent was admitted to the practice of law in Louisiana in 1993. In 2005, this court imposed a two-year suspension upon respondent for his misconduct in a succession matter, including taking $40,000 in attorney’s fees without court approval, and failing to cooperate in the disciplinary proceedings.
 
 In re: Arbour,
 
 05-1189 (La.11/29/05), 915 So.2d 345. Respondent has not sought reinstatement from his 2005 suspension; accordingly, he remains suspended from the practice of law.
 

 Against this backdrop, we now turn to a consideration of the misconduct at issue in the present proceeding.
 

 ^FORMAL CHARGES
 

 Respondent worked as the chief financial officer of Kiko Foods, Inc. (“Kiko”) in Kenner, Louisiana. As CFO, he had direct access to and control over Kiko’s corporate bank accounts and financial records.
 

 Between December 1, 2004 and July 19, 2006, respondent issued numerous checks payable to himself or to “cash” and retained the proceeds for his personal use and benefit. Respondent was arrested by the Kenner Police Department on July 19, 2006.
 
 [1]
 

 On April 3, 2007, respondent pled guilty to theft of more than $500. The judge sentenced him to five years hard labor but suspended the sentence and placed him on active probation for five years. The judge also ordered respondent to attend the five-
 
 *749
 
 week CORE gambling abuse program in Shreveport, Louisiana. The judge further ordered respondent to pay restitution. At a restitution hearing on June 21, 2007, respondent stipulated that he owed $359,694 in restitution to Kiko.
 

 DISCIPLINARY PROCEEDINGS
 

 In November 2007, the ODC filed one count of formal charges against respondent, alleging that his conduct as set forth above violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a) (violation of the Rules of Professional Conduct), 8.4(b) (commission of a criminal act that reflects adversely on the lawyer’s honesty, trustworthiness, or fitness as a lawyer), and 8.4(c) (engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation).
 

 | ...Respondent was served with the formal charges via certified mail but failed to answer. Accordingly, the factual allegations contained therein were deemed admitted and proven by clear and convincing evidence pursuant to Supreme Court Rule XIX, § 11(E)(3). No formal hearing was held, but the parties were given an opportunity to file with the hearing committee written arguments and documentary evidence on the issue of sanctions. Respondent filed nothing for the hearing committee’s consideration.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee made factual findings consistent with the factual allegations of the formal charges, which were deemed admitted. The committee also determined that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 The committee determined that respondent knowingly and intentionally violated duties owed to Kiko, the public, and the legal profession. Respondent harmed Kiko and has not advised the ODC whether he has made restitution. Relying on the ABA’s
 
 Standards for Imposing La%v-yer Sanctions,
 
 the committee determined that the baseline sanction is disbarment.
 

 In aggravation, the committee found pri- or disciplinary offenses. In mitigation, the committee considered respondent’s self-reporting of his conviction to the ODC in August 2007 and his apparent gambling addiction.
 

 Under these circumstances, the committee recommended that respondent be disbarred.
 

 ^Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board, Recommendation
 

 After review, the disciplinary board found that, pursuant to respondent’s conviction of felony theft and the deemed admitted facts, the hearing committee correctly determined respondent engaged in criminal conduct that reflects adversely on his moral fitness to practice law. The board also found that respondent violated the Rules of Professional Conduct as alleged in the formal charges.
 

 The board determined that respondent knowingly and intentionally violated duties owed to the public and the legal profession. He caused serious actual harm to Kiko by depriving the company of more than $350,000. His criminal conviction also negatively reflects upon the reputation of the legal profession. The board further determined that disbarment is the baseline sanction based on the ABA’s
 
 Standards for Imposing Lawyer Sanctions.
 

 As aggravating factors, the board found prior disciplinary offenses, a dishonest or selfish motive, and substantial experience in the practice of law (admitted 1993).
 
 *750
 
 The board determined that the record does not support any mitigating factors and noted that the record does not indicate if respondent has attempted to make restitution pursuant to the conditions of his guilty plea.
 

 Considering respondent’s misconduct in light of the permanent disbarment guidelines and the prior jurisprudence of this court, the board recommended that respondent be permanently disbarred. The board further recommended that respondent be ordered to pay any restitution still owed to Kiko.
 

 ^Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation.
 

 DISCUSSION
 

 Bar disciplinary matters come within the original jurisdiction of this court. La. Const. art. V, § 5(B). When the disciplinary proceedings involve an attorney who has been convicted of a crime, the conviction is conclusive evidence of guilt and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E);
 
 In re: Boudreau,
 
 02-0007 (La.4/12/02), 815 So.2d 76;
 
 Louisiana State Bar Ass’n v. Wilkinson,
 
 562 So.2d 902 (La.1990). The discipline to be imposed depends on the seriousness of the offense and the extent of the aggravating and mitigating circumstances.
 
 Louisiana State Bar Ass’n v. Perez,
 
 550 So.2d 188 (La.1989).
 

 In this matter, respondent, the chief financial officer of Kiko Foods, Inc., pled guilty to theft of more than $500, arising out of his diversion of hundreds of thousands of dollars to himself in an embezzlement scheme. This crime is a felony under state law and clearly warrants serious discipline. The only issue to be resolved by this court is the appropriate sanction for respondent’s misconduct.
 

 The applicable baseline sanction in this matter is disbarment. Respondent acted knowingly and intentionally, causing harm to Kiko, as well as to the legal profession. The record supports the aggravating factors found by the disciplinary board. The mitigating factor of imposition of other penalties or sanctions is present. The record supports no other mitigating factors.
 

 The sole remaining question for our consideration is whether respondent’s conduct is so egregious that he should be permanently prohibited from seeking preadmission to the practice of law. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct we might consider worthy of permanent disbarment.
 

 For purposes of the instant case, Guideline 9 is relevant. That guideline details the following conduct:
 

 GUIDELINE 9. Instances of serious attorney misconduct or conviction of a serious crime, when the misconduct or conviction is preceded by suspension or disbarment for prior instances of serious attorney misconduct or conviction of a serious crime. Serious crime is defined in Rule XIX, Section 19. Serious attorney misconduct is defined for purposes of these guidelines as any misconduct which results in a suspension of more than one year.
 

 Respondent’s misconduct is serious in nature and was preceded by his 2005 suspension for prior instances of serious attorney misconduct. His criminal conviction indicates that he lacks the moral fitness to practice law in Louisiana, and
 
 *751
 
 we can conceive of no circumstance under which we would ever grant readmission to him. Accordingly, respondent must be permanently disbarred.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and the disciplinary board, and considering the record, it is ordered that the name of John Joseph Arbour, Louisiana Bar Roll number 22233, be stricken from the roll of attorneys and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this State. It is further ordered that respondent make full restitution to Kiko Foods, Inc., |7pursuant to the conditions of his guilty plea. All costs and expenses in the matter are assessed against respondent in accordance with Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Judge Benjamin Jones, of the Fourth Judicial District Court, assigned as Justice
 
 Pro Tem-pore,
 
 participating in the decision.
 

 [1]
 

 . The police report indicated that respondent wrote forty-four unauthorized checks, totaling $276,314.47. The report also indicated that, in order to keep money in Kiko's accounts and avoid detection of his theft, respondent did not pay Kiko's quarterly payroll taxes totaling $480,000.