*485
 
 ATTORNEY DISCIPLINARY PROCEEDINGS
 

 PER CURIAM.
 
 *
 

 _JjThis disciplinary matter arises from formal charges filed by the Office of Disciplinary Counsel (“ODC”) against respondent, Mark Steven Smith. For the reasons that follow, we accept the recommendation of the disciplinary board and permanently disbar respondent.
 

 UNDERLYING FACTS AND PROCEDURAL HISTORY
 

 Between 2003 through 2005, respondent served as director of the Louisiana Film Commission. In his capacity as director of the Commission, respondent was charged with the responsibility of approving budgets submitted to the State of Louisiana by film production companies.
 

 On August 17, 2007, the United States Attorney for the Eastern District of Louisiana filed a bill of information alleging respondent engaged in a conspiracy to willfully allow and approve inflated budgets to be submitted to the state by a film production company in order to receive inflated state tax credits. The bill of information alleged respondent knowingly solicited bribes to influence his issuance of state tax credits.
 

 On September 7, 2007, respondent entered a plea of guilty in the United States District Court for the Eastern District of Louisiana to one count each of bribery and | .¿conspiracy. In the factual basis accompanying the guilty plea, respondent admitted that he knowingly conspired to falsely inflate movie budgets so that a film production company could reap bigger state tax credits; in return, respondent accepted cash bribes totaling $67,500.
 

 Upon receiving notice that respondent had pled guilty to the criminal charges, the ODC filed a motion to place respondent on interim suspension pursuant to Supreme Court Rule XIX, § 19. On October 3, 2007, this court suspended respondent from the practice of law on an interim basis.
 
 In re: Smith,
 
 07-1845 (La.10/3/07), 965 So.2d 864.
 

 Thereafter, the ODC filed one count of formal charges against respondent. The charges alleged respondent’s actions violated Rule 8.4(a)(b) and (c) of the Rules of Professional Conduct.
 
 [1]
 

 
 *486
 
 Respondent answered the formal charges. His answer stated, in its entirety, “[d]ue to my guilty plea to bribery and conspiracy in the United States District Court for the Eastern District of Louisiana, I hereby relinquish my Louisiana law license, and will not contest the Board’s formal charges.”
 

 Based on respondent’s answer, the chair of the hearing committee determined that a formal hearing was not required. Accordingly, the chair issued an order providing that matter would proceed as a “deemed admitted” matter pursuant to |sSupreme Court Rule XIX, § 11(E)(3), The parties were given an opportunity to file written arguments and documentary evidence on the issue of sanctions, but respondent did not avail himself of this opportunity.
 

 Hearing Committee Report
 

 After considering the ODC’s deemed admitted submission, the hearing committee determined that the formal charges were deemed admitted and proven by clear and convincing evidence. Based on the deemed admitted facts and additional evidence presented by the ODC, the committee determined that respondent violated the following provisions of the Rules of Professional Conduct: Rules 8.4(a), 8.4(b), and 8.4(c).
 

 Citing
 
 In re: Rome,
 
 01-2942 (La.9/26/03), 856 So.2d 1167, the committee found that malfeasance by an attorney serving in a public office is serious misconduct. The committee determined that respondent’s conduct, as a lawyer and public official, was both intentional and extensive. Relying on the ABA’s
 
 Standards for Im~ posing Lawyer Sanctions,
 
 the committee concluded that disbarment is the baseline sanction.
 

 The committee identified several aggravating factors: dishonest or selfish motive; pattern of misconduct; substantial experience in the practice of law (admitted 1994); and illegal conduct. In mitigation, the committee found the absence of a prior disciplinary record, and a cooperative attitude toward the proceedings.
 

 After reviewing the jurisprudence, the committee concluded that respondent violated his duties as an attorney, and violated the public trust as a public servant, noting that “[bjribery is a particular insidious evil because it poisons the very foundation of that public trust.” The committee concluded that respondent’s “conviction involving fraud and bribery while he occupied a position of trust as aj^public official goes to the very heart of our system of justice.” Accordingly, the committee recommended that respondent be permanently disbarred. Neither respondent nor the ODC filed an objection to the hearing committee’s recommendation.
 

 Disciplinary Board Recommendation
 

 Procedurally, the disciplinary board determined that this case did not fall under the provisions of the “deemed-admitted rale,” Supreme Court Rule XIX, § 11(E)(3), because respondent filed a formal answer. Nonetheless, the board concluded that respondent essentially conceded that the issues of fact raised by the formal charges were not in dispute. Additionally, it noted that in his answer, respondent did
 
 not
 
 request an opportunity to present evidence in mitigation.
 

 
 *487
 
 Turning to the merits, the board, determined that respondent, while serving as director of the Louisiana Film Commission, acted intentionally when he engaged in the crimes of conspiracy and bribery. It found respondent knowingly and willfully allowed and approved inflated budgets to be submitted to the state by a film production company. Thereafter, respondent caused to be issued inflated state tax credits based upon the fraudulent budgets submitted by the film production company. The board concluded that respondent violated duties owed to the public and the profession, and that the applicable baseline sanction is disbarment.
 

 In aggravation, the board recognized the following factors: dishonest or selfish motive; pattern of misconduct; substantial experience in the practice of law; and illegal conduct. In mitigation, the board found the absence of a prior disciplinary record, but rejected the committee’s finding of cooperative attitude toward the proceeding.
 

 |,In determining an appropriate sanction, the board found guidance in
 
 In re: Rome,
 
 03-0744 (La.9/26/03), 856 So.2d 1167, and
 
 In re: Burks,
 
 07-0637 (La.8/31/07), 964 So.2d 298, in which this court permanently disbarred attorneys who knowingly engaged in criminal conduct while serving in a governmental position. As in those cases, the board found respondent engaged in conduct amounting to malfeasance in office, and entered a plea of guilty to felonious criminal acts resulting from his misconduct in office. Accordingly, the board recommended that respondent be permanently disbarred.
 

 Neither respondent nor the ODC filed an objection to the disciplinary board’s recommendation. Accordingly, the matter was presented to this court for entry of an oi’der of discipline pursuant to Supreme Court Rule XIX, § ll(G)(a).
 

 DISCUSSION
 

 Bar disciplinary matters fall within the original jurisdiction of this court. La. Const, art. V, § 5(B). Consequently, we act as triers of fact and conduct an independent review of the i’ecord to determine whether the alleged misconduct has been proven by clear and convincing evidence.
 
 In re: Banks,
 
 09-1212 (La.10/2/09), 18 So.3d 57. While we are not bound in any way by the findings and recommendations of the hearing committee and disciplinary board, we have held the manifest error standard is applicable to the committee’s factual findings.
 
 In re: Sham
 
 09-0207 (La.6/26/09), 16 So.3d 343.
 

 Proeedurally, we agree with the disciplinary board’s conclusion that respondent’s answer prevents this case from falling within the scope of Supreme Court Rule XIX, § 11(E)(3), which allows the facts of the formal charges to be deemed admitted when the respondent does not answer. Nonetheless, respondent’s answer, in which he indicates he will not contest the formal charges and wishes to | ^relinquish his law license, represents an implicit acknowledgment of the correctness of the facts alleged in the formal charges.
 

 Moreover, when the disciplinary proceedings involve an attorney who has been convicted of a serious crime, the conviction is conclusive evidence of guilt, and the sole issue presented is whether respondent’s crimes warrant discipline, and if so, the extent thereof. Supreme Court Rule XIX, § 19(E);
 
 In re: Meece,
 
 08-2980 (La.4/13/09), 6 So.3d 751;
 
 In re: Boudreau,
 
 02-0007 (La.4/12/02), 815 So.2d 76;
 
 Louisiana State Bar Ass’n v. Wilkinson,
 
 562 So.2d 902 (La.1990).
 

 The record contains evidence establishing that the federal court accepted
 
 *488
 
 respondent’s plea and adjudged respondent guilty of crimes arising from his activities while serving as director of the Louisiana Film Commission. The crimes of which respondent were convicted are felonies, which are considered to be serious crimes under Supreme Court Rule XIX, § 19(B). Based on this evidence, it is clear respondent’s conduct violates Rule 8.4, and therefore warrants discipline.
 

 In determining a sanction, we are mindful that disciplinary proceedings are designed to maintain high standards of conduct, protect the public, preserve the integrity of the profession, and deter future misconduct.
 
 In re: Coffman,
 
 09-1165 (La.9/25/09), 17 So.3d 934. The discipline to be imposed depends upon the facts of each case and the seriousness of the offenses involved, considered in light of any aggravating and mitigating circumstances.
 
 In re: Smith,
 
 09-1141 (La.9/25/09), 17 So.3d 927.
 

 It is well-settled that the baseline sanction for misconduct arising out of felony convictions involving bribery is disbarment.
 
 See, e.g., In re: Mithun,
 
 00-3174 (La.1/5/01), 776 So.2d 426;
 
 In re: Hingle,
 
 98-0774 (La.9/18/98), 717 So.2d 636;
 
 In re: Collins,
 
 94-2251 (La.11/18/94), 645 So.2d 1131;
 
 Louisiana State Bar Ass’n v. Pitara,
 
 462 So.2d 178 (La.1985). Numerous aggravating factors are present in |7this case, including dishonest or selfish motive, a pattern of misconduct, substantial experience in the practice of law, and illegal conduct. The sole mitigating factor we are able to discern from the record is respondent’s lack of a prior disciplinary record. Given the absence of any significant mitigating factors or extenuating circumstances, we see no reason to depart from the baseline sanction of disbarment.
 

 Having found respondent should be disbarred, we now turn to the question of whether respondent’s misconduct is so egregious that he should be permanently prohibited from seeking readmission to the practice of law. In Appendix E to Supreme Court Rule XIX, we set forth guidelines illustrating the types of conduct which might warrant permanent disbarment. While these guidelines are not intended to bind this court in its decision-making process, they present useful information concerning the types of conduct the court might consider worthy of permanent disbarment.
 
 In re: Arbour,
 
 09-1217 (La.10/2/09), 18 So.3d 747.
 

 For purposes of the instant case, Guideline 7 is relevant. That guideline refers to “[mjalfeasance in office which results in a felony conviction, and which involves fraud.”
 

 Respondent’s actions fall within the parameters of this guideline. Respondent misused his office as director of the Louisiana Film Commission to fraudulently inflate state tax credits in exchange for bribes. His actions resulted in federal felony charges, to which respondent has pled guilty.
 

 This court has consistently held that an attorney occupying a position of public trust is held to a higher standard of conduct than an ordinary attorney.
 
 See In re: Fahrenholtz,
 
 09-0748 (La.10/2/09), 18 So.3d 751;
 
 In re: Bankston,
 
 01-2780 (La.3/8/02), 810 So.2d 1113;
 
 In re: Naccari,
 
 97-1546 (La.12/19/97), 705 So.2d 734;
 
 In re: Huckaby,
 
 96-2643 (La.5/20/97), 694 So.2d 906. By his actions, respondent has revealed he falls far short of this high ethical standard, and lacks the moral fitness to practice law in the State of Louisiana.
 

 We do not lightly impose the sanction of permanent disbarment.
 
 In re: Morphis,
 
 01-2803 (La.12/4/02), 831 So.2d 934. Nonetheless, we are firmly convinced that we would be remiss in our constitutional
 
 *489
 
 duty to regulate the practice of law if we did not impose that sanction under the egregious facts of this case. Accordingly, we will accept the recommendation of the disciplinary board and permanently disbar respondent.
 

 DECREE
 

 Upon review of the findings and recommendations of the hearing committee and disciplinary board, and considering the record, it is ordered that the name of Mark Steven Smith, Louisiana Bar Roll number 22867, be stricken from the roll of attorneys, and that his license to practice law in the State of Louisiana be revoked. Pursuant to Supreme Court Rule XIX, § 24(A), it is further ordered that respondent be permanently prohibited from being readmitted to the practice of law in this state. All costs and expenses in the matter are assessed against respondent in accordance with Page 11 of Supreme Court Rule XIX, § 10.1, with legal interest to commence thirty days from the date of finality of this court’s judgment until paid.
 

 *
 

 Chief Justice Kimball not participating in the opinion.
 

 [1]
 

 . Rule 8.4 provides, in pertinent part:
 

 It is professional misconduct for a lawyer to:
 

 
 *486
 
 (a) Violate or attempt to violate the Rules of Professional Conduct, knowingly assist or induce another to do so, or do so through the acts of another;
 

 (b) Commit a criminal act especially one that reflects adversely on the lawyer's honesty, trustworthiness or fitness as a lawyer in other respects;
 

 (c)Engage in conduct involving dishonesty, fraud, deceit or misrepresentation.